Thomas Logwood and others *against* the President, Directors, &c. of the Planter's and Merchant's Bank of *Huntsville.*

THE Planter's and Merchant's bank of *Huntsville* recovered a judgment on motion in the Superior Court of *Madison* County, against *Logwood* and others, on a note which had been discounted by the Bank. They did not appear or defend in the Court below, but prosecuted a writ of Error to this Court. They assigned as Errors—1st. The judgment is contrary to the Law and Constitution of the State. 2d. It does not appear that the parties had ten days' notice. 3d. It does not appear that the certificate of the President was produced in Court, as evidence of the bona fide interest of the Bank, pursuant to the charter. 4th. It does not appear that the parties were called into Court previous to judgment. 5th. There is no consideration to support the motion.

*McKinley* and *Chapman* for plaintiffs in Error—cited Constitution of Alaba. 1st Art. 1st sect. The Charter of the Bank, section 9 and 4, (Laws Alaba, p. 38, 35.) Am. Digest. 430. 4 Wheaton, 77. 4 Cranch, 141. Bacon's Ab. Corporations. 1 Co. 417. 7 Johnson's R. 321.

*Minor* and *Crawford* for Defendant—cited Schedule to Constitution, sect. 1. 4 Wheaton, 668, 9. Dartmouth College case. 4 Wheaton, 236.

Judge *Lipscomb* delivered the opinion of the Court.

The first is a general assignment. We have heretofore decided, that the matter relied on as Error must be specially assigned (*Ripley* against *Coolidge* and *Bright*, ante p. 11.) But as the counsel for plaintiffs in Error have been permitted to argue a point intended to be covered by the first assignment, it may be proper to settle it now, and prevent a further application on the same ground. The words in the Charter of the Bank referred to are, "If any person or persons shall be indebted to said Corporation as maker or "indorser of any note, bill, or bond, expressly made negotiable and payable at said Bank, and shall delay payment "thereof, it shall be lawful for the Corporation, after having

1st, A Bank charter is a contract between the State and the Stockholders, and its obligation cannot be impaired by a subsequent law.

2d, Notice of a motion for judgment by the Bank must be given under its corporate seal. A party pursuing a summary remedy under a Statute must conform strictly to its terms.

3d, To sustain judgment recovered by the Bank on motion, the Record must shew that the certificate of the President, as required by the Statute, was produced, and that it was under the seal of the Corporation.

4th, It is not necessary that it should appear that defendants were called before judgment.

5th, A writ of Error, issued by the clerk of a Circuit Court, prior to the Act of 1820, is void, and must be dismissed.

NOVEMBER,
1820.

Logwood and
others
v.
Planter's and
Merchant's Bank
of Huntsville.

"given at least ten days' notice thereof, and producing to the " Court before whom the motion is made, the certificate of " the President of the Bank that the debt is really and bona " fide the property of the Bank, to move for judgment against " such debtor or debtors, his, her, or their heirs, executors, " or administrators, in any Court of Record within this ter- " ritory. Provided always, that if the defendant or defend- " ants shall appear and contest the claim, the Court shall in- " stanter impannel a Jury to try the issue, and thereon give " judgment accordingly."

. It is contended that this part of the Charter is contrary to the first section of the first article of the Declaration of rights: " That no man or set of men are entitled to exclu- " sive or separate public emoluments or privileges but in " consideration of public services." For the Corporation it is contended, that the privileges granted by the Charter are not of the description intended to be restrained by the fore- going article. That if there could have been a doubt on the construction, it is removed by the first section of the schedule.

The Charter is a grant from the Legislature of the *Missis- sippi* territory (then vested with Legislative power over this country) creating certain individuals a body corporate, and securing to them, for a limited time, the privileges there- in enumerated. That this Legislature had competent au- thority to create this Corporation and grant these privileges, has not been controverted. Is not this charter a grant? A *contract* between the Legislature, the *Grantor*, and the in- dividuals, thus made a body corporate the *Grantees*, both parties being capable of contracting? Is the Charter then protected by the provision in the Constitution of the United States—that " No state shall pass a law impairing the obli- " gation of contracts?" In the case of Dartmouth College against *Woodward* (4 Wheaton, 668) Judge *Story* says, " An- " other division of Corporations is into public and private. " Public Corporations are generally esteemed such as exist for " public, political purposes only : such as towns, cities, parish- " es, and counties, and in many respects, they are so ; al- " though they involve some private interests. But strictly " speaking, public Corporations are such only as are found- " ed by the Government, for public purposes, when the " whole interests belong also to the Government. A Bank, " created by the Government for its own uses, whose stock " is exclusively owned by the Government, is, in the strictest " sense, a public Corporation. But a Bank, insurance, canal, " bridge, or turnpike company, &c. whose stock is owned " by private persons, is a private Corporation, although it is " erected by the Government, and its objects and operations " partake of a public nature."

NOVEMBER,
1820.

Logwood and
others
v.
Planter's and
Merchant's Bank
of Huntsville.

The first class of Corporations (says the learned Judge), can be controlled by the Legislature without violating any contract, for the whole interest belongs to the Grantor. But when the whole interest has been vested in certain individuals, to their own private use, the Grantor cannot control or alter the Grant without the consent of the Grantees, for this would violate the contract between them.

The Charter in question is then a contract, whose obligation the Legislature is restrained from impairing. The Legislature cannot alter, control, or abridge the Charter, without the consent of the individuals composing the Corporation. How far it comports with the policy of a State, whose Government is Republican, to establish such Corporations, cannot be a subject of judicial investigation.

It has been further urged on behalf of the plaintiffs in Error, that the Constitutional right of trial by jury is violated by this summary mode of proceeding. In our opinion, the Charter has carefully avoided even the appearance of an encroachment on this inestimable right. If the claim be contested, the Court before whom the motion is made is expressly required to impannel a Jury to try the issue. It does not appear that the defendants in the Court below contested the demand or claimed a trial by Jury. That which they had power and opportunity to ask, and have not asked, cannot be said to have been denied.

The second assignment of Errors is, that it does not appear that the defendants in the Court below had notice as required by law. The Record states that " it further appear-" ing according to the Statute in such case made, that the de-" fendants have *been duly* noticed of this motion," &c. The Charter of the Bank requires that ten days' notice shall be given. How is it to be given? By the Corporation in its corporate *capacity*, and under its common seal, by which only it can act and be known.

It does not appear from any thing in the Record that the notice was so given, unless the Court are so to intend (as insisted by the counsel for the Bank) from the words " *duly* " *notified*" in the Record. In proceedings according to the course of the common Law, many defects in the Record will, after judgment, be cured by the doctrine of intendment. But wherever a summary remedy is given by Statute, those who wish to avail themselves of it must be confined strictly to its provisions, and shall take nothing by intendment. The supervising Court cannot infer that notice as required by Law has been given, unless it so appears in the Record. Not to require this, would be to surrender to the Court below

4

NOVEMBER,
1820.

Logwood and
others
v.
Planter's and
Merchant's Bank
of Huntsville.

the power of judging without appeal of all the proceedings had before it.

The third assignment is, that it does not appear that the certificate of the President of the Bank was produced in Court as required by Law. What has been said as to the second assignment may be applied with equal force to this— The Record should shew that the certificate was produced, and that it was under the seal of the Corporation.

The fourth assignment is, that it does not appear that the defendants in the Court below were called previous to the motion for judgment.

The object of calling (to give the defendants an opportunity to make their defence) could be as well attained by the ten days' notice. After receiving notice they should have been prepared to make their defence, and no further notice was necessary.

The fifth assignment is, that there is no consideration set forth on which to ground the motion. The Record shews the note of the defendants in the Court below. The Charter authorizes this summary mode of obtaining judgment on Notes as well as on Bonds. Setting forth the Note is a sufficient shewing of consideration, without shewing for what that Note had been given.

On the second and third assignments, the Court would reverse the judgment of the Court below. But we find that the writ of Error was issued by the *Clerk of the Circuit Court* since the Act of 1819.

The case must therefore be dismissed at the cost of plaintiffs in Error.

Judge *Webb* declined giving an opinion on the first assignment. Judges *Clay* and *Ellis*, being stockholders in the Bank, did not sit.