The Chiep Justice
delivered the opinion of the court.
Barnett sued Blew and Webster in assumpsit upon a note for $500, executed by Blew, payable to the order of Webster, and, by him endorsed to Barnett. Due service was had upon both defendants, and default was entered as against . Blew for want of appearance and plea. Webster appeared and pleaded only that he did not have due notice of the dishonor or non-payment of the note, upon which issue was joined and the jury rendered a verdict for the plaintiff and assessed the damages at $523.33. The term closed 29th June, 1878.
At the succeeding term of the court,. (December, 1878,) the plaintiff moved the court that judgment be entered nunc pro tunc, the clerk having inadvertently neglected to enter the judgment in the minutes at'the trial term, and that it be entered as of the date of the verdict June 6th. In answer to this motion the defendant Webster interposed in writing, by way of showing cause why the motion for judgment should not be granted, “that judgment should not be entered up but should be indefinitely delayed on the grounds that the court had no jurisdiction of the case as made, the maker and indorser of a promissory note not being capable of being joined in the same suit under the practice of the courts of Florida, and therefore the verdict in said cause is a nullity; and for other good and sufficient reasons as appear of record.”
The motion to enter up judgment was granted by the court, to which action the defendant's (Webster's) attorney excepted, as appears by the attestations of the judge upon the granting of the order for entering judgment nunc pro tunc.
The judgment was accordingly entered against the defendant, Norman Webster, only, for the amount of the verdict. No final judgment was entered' against the defendant Blew, nor was any attention paid to him as a party to the suit, and no reference is made to him by either party iii the proceedings subsequently to the entry of his default, (his "name being rarely mentioned even in the entitling of the papers) except in the objections filed to the entry of final judgment nunc pro tunc as above stated.
The defendant Webster appeals from the final judgment against him and assigns the following grounds for reversal of the judgment:
*76 1. That the court .erred in his ruling as to the sufficiency of notice of the non-payment and protest of the note.
2. In overruling Webster's motion for a new trial upon the various grounds stated in his motion relating to the proceedings at the trial of the cause.
3. That the court erred in granting plaintiff's motion for judgment, the court having no jurisdiction of the case as made, the maker and indorder • of the note not being properly joined as defendants, and that the verdict was therefore a nullity, and for other sufficient reasons appearing of record.
As to the first and second grounds of error, there is nothing in the record which can be considered by this court in-deciding the questions raised. The bill of exceptions was made up and signed long after the term had expired at which tlie verdict had been rendered, without an order allowing time in which to prepare the same. This appears affirmatively by the certificate of the Judge. The body of the record no where contains any of the exceptions upon which the first and second assigned errors are based. We have nothing before us, therefore, by which to determine as to the sufficiency of the proof, or the correctness of the ruling of the Judge upon the motion for a new trial. See Circuit Court rule 97; Thompson's Digest, 351, sec. 2.
The only question remaining is whether the -appellant is in a position to take advantage of the misjoiner of the maker and indorser of a promissory note, no demurrer or other pleading having been interposed which raises the question, but the defendant Webster pleaded to the declaration and proceeded to trial upon an independent question. When motion for final judgment against him was made, he does not then raise the question excepting, as a question of jurisdiction; and this upon the ground that it is not according to the practice to join the maker and in-dorser in'a joint action. This certainly is not a question of jurisdiction, for the subject matter of the action and the. parties were within the jurisdiction of the court, even if the: parties defendant may have been improperly joined. But while the appellant has thus erred in placing his opposition to the ei^try of judgment upon the supposed.defect of jurisdiction, it is still apparent that the objection was made - that there was a misjoinder of parties defendant; that a debtor and a surety, whose promise or contracts are several, the one absolute and the other contingent, are wrongfully sued as joint contractors or upon a supposed joint liability.
In a case of this kind, “if too many persons are joined as defendants in an action on a contract or specialty, if the objection do not appear on the pleadings, the plaintiff- may be nonsuited; or if the objection appear on the pleadings, defendant may demur, move in arrest of judgment or bring error." 2 Saunders Pl. and Ev., 15; 1 1 Chitty Pl., 50; Tidd. Pr., 630; Chandler vs. Parker, 3 Esp. N. P., 76; Coryten vs. Litheby, 2 Saund. Rep., 117, note.
It is a well settled rule, that in an action ex-contractu against several defendants, the plaintiff must show a joint ■ liability in all. (Erwin vs. Devine, 2 T. B. Munroe, 425; Peters C. C. R., 27; Brown vs. Warner, 2 J. J. Mar., 37; Kimmel vs. Shultz, Breese, (Ill.,) 169; Livingston vs. Tremper, 11 John., 101.) This is the general rule in the American States, except that in some of them, if 'one'of several joint defendants show infancy, coverture and «the like, judgment may be had against the others.
It will be observed that in the present case, whiie the action is joint against Blew and Webster, no judgment was, had against Blew, (no proceeding subsequent to the default having been had against him,) but final judgment is entered against Webster alone.’ This is clearly an error. ■Judgment > should be liad against both or neither of them, no disability to be sued appearing as to Blew.
But it is aaid on the part of the plaintiff that there being no bill of exceptions, and the objection of misjoinder of defendants not having been raised in the court below, it is too late to raise the question here. The defendant's coun•sel, however, did interpose the objection that no judgment should* be entered as the action v^as joint while the cause of action' was distinct and several as to either of them and the action could not be maintained. The fact that it was erroneously urged as a jurisdictional question does not alter the fact that the material objection was urged that a joint action could not be maintained. The error appears upon the face of the declaration, that no joint liability is shown against these defendants, and by all the authorities there can be no recovery against either or both of these defendants in a joint action.
The error being apparent in the record, and insurmountable without an amendment of the pleadings under the 8th section of the “act to amend the pleadings and practice in the courts of this State," approved February 8, 1861, (Ch. 1096,) it was not necessary to incorporate it in a bill of exceptions. The matter is before us, and the law cannot tolerate a judgment against one of two joint debtors, both being sued by a joint action; nor will the law tolerate a suit or judgment against two while the declaration does not disclose a joint liability, but shows that there was actually no joint liability. And we have seen that when such an objection “appears in the pleadings, the defendant may demur, move in arrest or take advantage of it by a writ of error."
The judgment is reversed.