Me. Justice Westcott
delivered the opinion of the court.
This is an action of ejectment by Gale and wife against Hines and wife for an undivided half interest in certain lands described in the declaration. To the declaration the defendants demurred, setting up as grounds of demurrer:
First. That ejectment cannot be maintained for an undivided interest in land.
Second. That a tenant in common catmot maintain ejectment against his companion, nor against the lessee of his co-tenant.
Third. That one joint tenant parcener, or tenant in common, cannot maintain an action of ejectment against his co-tenant without an actual ouster.
There was judgment for the defendants upon the demurrer and the plaintiffs appealed.
It is well settled that ejectment will -lie between co-tenants in cases where the defendant has been guilty of such a violation of the plaintiff’s rights as constitutes an ouster.
There are some of the cases which declare in general terms that ejectment may be thus maintained, though no actual ouster be proved. (15 John., 501; 2 Dana, 111.) Upon examination with care, however, it will be found that the apparent difference results from the different definition of the term ouster. When it is said that it is not necessary to prove an actual ouster, it is meant that no actual expulsion by force is necessary to be proved. An exclusive possession, connected with some act amounting to a denial of the right of the co-tenant out of possession, is enough. 10 Wend., 419; 32 Cal., 499; 8 Humph., 668; 5 Mass., 351; 5 Green, 482; 21 Conn., 385; 10 Leigh, 457.
We have no doubt that ejectment will lie for an undivided interest in land, or that one tenant in common may, in proper cases, sustain the action against his co-tenant. The first and second grounds of demurrer are, therefore, we think, not well taken. As to the third ground, it is true that the action cannot be maintained without "an actual ouster;” but this does not mean an actual expulsion by force. Every ouster is an actual ouster, whether it be the result of positive expulsion, or whether it results from exclusive possession accompanied by such acts or facts as amount to a denial of the right of the co-tenant out of possession.
The only remaining question we see here is whether it is necessary, under our statute, for the co-tenant in his declaration to allege the ouster. The statute prescribes a form for all actions of ejectment. The old fictions accompanying the action are abolished, and the plea of not guilty puts in issue the title. In actions of ejectment, other than between tenants in common, there can be no ground upon which an ouster can be required to be alleged in the declaration.
If we do so require, then we are certainly requiring something more at the hands of plaintiffs in framing declarations in ejectment than the statute requires or contemplates. The practice, and we think it correct, now prevailing in the State is to frame the declaration under the requirements of this act, and we can see nothing in the relations of tenants in common to cause us to vary the rule of pleading prescribed by the statute when the action is by them. Even anterior to this statute the rules of special pleading did not, in all respects, prevail in ejectment. Many of its incidents were fictitious and peculiar. Except pleas puis darrein continuance or pleas to the jurisdiction the plea as a general rule was the general issue, (Tyler on Ejectment, 464,) and the consent rule admitted lease entry and ouster, (except where the action was between tenants in common, &e., when it confessed only lease and entry,) and the general issue denied the defendant’s possession as well as plaintiff’s title. Now, it is not denied that the plea of the general issue, under the statute, puts all this in issue in cases other than actions between co-tenants, and where is the reason for a distinction as to them ?
The judgment is reversed, and the case will be remanded for further proceedings according to law.