Silas Kearnes et al., Appellants, vs. L. L. Hill et al., Appellees.

1. Ejectment will lie in favor of one tenant in common against her cotenants who are guilty of such a violation of the former's rights as constitutes an ouster.

2. Where persons to whom lands have descended under the statute of descents, sell and convey the land to another, and the latter person takes without notice of any agreement to convey previously made by such heirs with a third person, the second person holds the land discharged of such agreement, and a bill by the third person asking that the second person be enjoined from selling the land, and alleging neither notice by him of such agreement, nor fraud on his part, is demurrable.

Appeal from the Circuit Court for Alachua county.

Silas Kearnes and his wife, Sarah, bring their bill against L. L. Hill, Wilbur Lassiter, James Spencer, T. W. Andrews, and his wife, Annie E., and Calvin Cagle, and his wife, Emeline. The bill alleges:

1st. That Mrs. Kearnes was the wife of Nathan Spencer, who died in Alachua county, Florida, in December, 1876, after which she married Silas.

2d. That Nathan Spencer, at his death, owned valuable real estate and personal property in the State of North Carolina, and in Alachua county, and that he left a last will and testament, which was admitted to probate in Alachua county, in 1877, where he died.

3d. That the testator, prior to his death, and subsequent to executing his last will and testament, sold a large amount of property, which, by the terms of the will, had been devised and bequeathed to said Sarah; and had, at his death, a large amount of valuable real estate, situated in Alachua county, which had been purchased subsequently to the last will and testament, " and which was not embraced therein."

4th. That the testator left three children surviving him, viz: the said James Spencer, Annie E. Andrews and Emeline Cagle, and that they, with said Sarah Kearnes, were his legal heirs at law.

5th. That subsequent to testator's death the said Sarah

moved to North Carolina, and upon a conference between all the heirs of the testator it was agreed that all of his estate should be equally divided between his heirs at law, and that said Sarah should have and receive as her interest in said estate one-fourth part thereof in fee simple.

6th. That a part of the property belonging to said estate having been sold, the proceeds derived therefrom were equally divided in accordance with said agreement.

7th. That soon after such division the said James, Annie E. and Emeline repudiated the said agreement, and in order that the rights of said Sarah might be fully protected legal proceedings were instituted, and are now pending in North Carolina in relation to such contract or agreement and for the purpose of determining her rights in the premises.

8th. The defendants, Spencer, Andrews and Cagle, and their wives, have, notwithstanding the pendency of the litigation, illegally and fraudulently sold the land situated in Alachua county, of which the testator died seised and possessed, and described in the bill, to said Hill and Lassiter, and Hill and Lassiter are seeking to sell them in utter disregard of the rights of said Sarah, "who is legally and equitably entitled to one-fourth undivided interest" therein in fee simple, and her rights and interests are being greatly injured by said sales, and will be greatly injured unless the said Hill and Lassiter be enjoined from selling or in any manner disposing of them until the rights "of your orator and oratrix therein may be judicially determined."

9th. An injunction is prayed restraining Hill and Lassiter from selling or disposing of the property described or from committing any waste thereupon until the rights of "your orator and oratrix may be judicially determined," and there is a prayer for general relief.

In the answer of Hill and Lassiter the point is made that

complainants "have not, in their bill, shown any case in equity or case entitling them to proceed in this honorable court," and the same benefit is prayed as if the bill had been demurred to.

On hearing on bill and answer, a decree was made dismissing the bill.

*W. W. Hampton* for Appellees.

MR. JUSTICE RANEY delivered the opinion of the court:

Where there are children and the husband dies intestate, the widow, if she elects to take a child's part, takes as widow, and not as an heir; and such is the case where she dissents from the will, and elects to take a child's part, there being also children of the husband surviving him. If we are to understand from the language of this bill that she has elected to take a child's part, and has also a present right to the possession and enjoyment of her share of the land as such, then Mrs. Kearnes has her remedy at law by ejectment to recover her undivided interest or child's part in the property from Hill and Lassiter. Gale *et ux.*, vs. Hines, 17 Fla., 773; Harrell vs. Harrell, 8 Fla., 52.

If we assume that the agreement of *itself* created, and is relied upon by Mrs. Kearnes as having itself created an equitable right in her, as against the children, to a conveyance of an undivided one-fourth interest in the land from them, as heirs at law, (or as devisees, if the will covered the property,) holding the legal title, there is still no allegation in the bill of notice upon the part of Hill and Lassiter of such equitable right as of the time of their purchase; nor is there any allegation of fraud on their part; and consequently they took the property discharged of her equita-

ble claim. 1 Sugden on Vendors, 272, (top paging,) note q.

It is not necessary for us to look beyond the bill and the demurrer to decide this case, and looking at it in any light we can see no ground for an injunction.

The decree is affirmed.