21   611
33   722

A. Smoot and S. G. Hartshorn, Executors of S. R. Mabbett, Deceased, Appellants, vs. S. B. Strauss, Appellee.

1. In a proceeding under the statute requiring an affidavit as an initiatory step, and dispensing with written pleadings, the affidavit stands in lieu of and performs the functions of a declaration.

2. A motion by plaintiff for a new trial will be refused, notwithstanding error in admitting illegal evidence in behalf of the defendant, or error by the court favoring defendant in charging the jury

when plaintiff's evidence fails entirely to sustain the allegation in the affidavit. Such errors are not an injury to the plaintiff.

3. [On petition for re-hearing.] The act of March 11, 1879, chap. 3131, does not change the common law in so far as making an express contract for a fixed rent indispensable to the right to distrain for rent due.

Appeal from the Circuit Court for Jefferson County.

The following opinion was delivered at the January term, 1885, but a petition for re-hearing having been filed at the same term, it was taken under consideration by the court, and the decision thereon was rendered at the June term, 1885. Therefore the case is reported with those of the latter term.

The facts of the case are stated in the opinion.

*S. Pasco* for Appellants.

*T. L. Clarke* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court:

This suit was instituted by appellants in the Circuit Court of Jefferson county to recover rent for a store house in the town of Monticello, for the year expiring March 31st, 1883.

The proceeding was under the act of March 11th. 1879, McC.'s Digest, 701 and 702. This act provides that any person to whom rent may be due, or his agent or attorney, shall be entitled to a distress warrant against the property of the defendant upon making an affidavit before the proper officer in the county in which the land rented lies, stating the amount or quantity and value of the rent due for such land, and whether it is payable in money, cotton or other agricultural product or thing. The act further provides that an issue may be made in the case by the de-

fendant denying that all or any part of the rent claimed is due, and that no written pleadings shall be required. The act further provides that in case an issue is made a jury shall be sworn to try, and a true verdict render, whether any, and if any, what rent is due the plaintiff, as *alleged in the affidavit.*

The plaintiffs filed their affidavit claiming that defendant was indebted to plaintiffs in the sum of $200.00 lawful money for the rental of a certain store house, describing it " payable according to their *agreement in money.*" The defendant filed an affidavit in accordance with the statute, denying the allegation in their affidavit.

A jury was called and sworn to try the issue, whereupon a verdict was rendered for defendant and judgment entered in pursuance thereof. The plaintiffs moved the court for a new trial on the grounds :

1st. That the verdict is contrary to law.

2d. The verdict is contrary to evidence.

3d. The verdict is contrary to law and evidence.

4th. The jury were misled by the charge of the court.

5th. The Judge erred in refusing to charge the jury as requested.

6th. The verdict works wrong and injury to the plaintiffs.

Which motion was denied by the court and plaintiffs appealed to this court.

In a proceeding of this nature the affidavit stands in lieu of and performs the functions of an ordinary declaration. The affidavit alleges that defendant was indebted to plaintiffs *in the sum of $200.00 lawful money, payable according to their agreement in money.*

This being denied by defendant it was incumbent on the plaintiffs to prove it as alleged.

This court in Belton vs. Willis & Moseley, 1 Fla., 226, say: " The court fully recognizes the doctrine that where a sum-

mary remedy is given by statute those who wish to avail themselves of it must be confined strictly to its provisions and shall take nothing by intendment.   See Longwood vs. Huntsville Bank, 1 Minor, 23 ; Young vs. Martin, 2 Yates, 312.

There is a total failure of the evidence to sustain it. The only evidence tending to prove it is in the deposition of the plaintiffs, read in evidence in the court below, that their instructions to their agent were to make such an agreement, and that they never authorized him to make any other.   This evidence is insufficient to support the allegation.   If the defendant had introduced no evidence and had demurred to plaintiffs' evidence the court should have sustained his demurrer.

To cross interrogatory 3, plaintiffs say the store was rented to March 31st, 1883, for $200.00, which amount is still due.   This answer is not in response to the interrogatory ; the interrogatory only inquires as to how much rent had been received, but the plaintiffs also say that they made the contract through their agent, that they were non-residents, and all their knowledge of the contract is by information from him.

The defendant in his evidence denies that the rent was to be paid in money, and further, that it was to be paid in goods to the attorney or agent.   Admitting that such an agreement was void, if ever made, and we are still left without evidence to prove the agreement alleged in the affidavit.   The jury could not have found any other verdict on the evidence.   Taking this view of the case, we do not think the appellants could have been injured by any error in the court below in admitting in behalf of defendant illegal evidence, or by any error favoring the defendant by the court in charging the jury.   May's Executors vs. Seymour, 17 Fla., 725.

Smoot and Hartshorn, Executors, v. Strauss—Petition for Re-hearing.

The judgment of the court below denying a new trial is affirmed.

The following petition for a rehearing was then filed:

*To the Honorable, the Supreme Court of Florida:*

The petition of Sidney G. Hartshorn, as surviving executor of the will of Samuel R. Mabbett, late of the City and State of New York, deceased, by Samuel Pasco, his solicitor and attorney, respectfully sets forth the following matters with his prayer for relief:

Your petitioner is the plaintiff in appeal in a certain cause submitted to this Honorable Court, at its present term, originally instituted in the Circuit Court of Jefferson County against Simon B. Strauss, numbered 16 on the dockets, and a decision has been pronounced sustaining the judgment of the court below.

The appeal is based upon alleged errors in law in the charge of the Judge of the Circuit Court to the jury, but it has failed upon the ground that there is an entire lack of evidence to sustain plaintiff's case, and your petitioner desires to state more fully the facts upon which he rests and ro direct the attention of the Court to such parts of the record as sustain his position.

Your petitioner urges that the statute under which this remedy of distress is given applies alike to actual and implied bargains for renting land. The statute of 1866 (Chapter 1498) applied only to actual bargains framed in a particular way, and your petitioner believes that the Legislature desired to avoid the restrictive features of the old law and intended by this statute to give landlords a broader remedy, applicable to all classes of leases. The court has not dissented from this view.

Upon the basis that the contract here sued upon was an implied contract for rent your petitioner respectfully di-

rects the attention of the court to the testimony in the record by which it is supported.

The law will in general imply the existence of a tenancy whenever there is an ownership of land on the one hand and an occupation by permission on the other; for in all such cases it will be presumed that the occupant intended to pay for the use of the premises. Taylor on Landlord and Tenant, par. 19. On these points there is no dispute in the present case. Smoot and Hartshorn both testify that the store for which rent is claimed belonged to their testator in his life time, and that they had controlled and leased it in their representative capacity after his decease. Their character as executors was not denied. Rule of Ct. 57.

Andrew Denham testifies that Strauss, the defendant, occupied the store during the period for which rent was claimed.

Other witnesses testify as to the value of the annual rental. J. S. Denham fixes it at two hundred dollars in cash, the amount claimed by plaintiffs in their affidavit.

Strauss, in his direct examination, admits the relation of tenant by testifying that he had paid the rent; this was his entire direct testimony and his sole defence when he was first placed upon the stand.

His occupancy, even under a void lease, would have made him a tenant at will, and his former permissive occupancy was a circumstance from which the relation of tenant might be implied. Taylor on Landlord and Tenant, par. 19.

Your petitioner claims that these circumstances fully justify the affidavit upon which the writ of distress was granted, for if there was an implied contract it was payable only in money, for the implication can favor no other mode of payment than in legal tender.

The attention of this court was not directed to these points in the argument because it was not understood by your petitioner that they were in issue. Besides, the pleadings which we must gather from the testimony, the statute not requiring them to be in writing, admit the relation of landlord and tenant between the parties. Laws of Florida, chapter 3131, sec. 4. The only defence is payment or accord and satisfaction, which ever technical head it may fall under, and this is in its nature a confession and avoidance.

But plaintiff respectfully maintains that the authorities sustain his position in another view of the case. Admit for the sake of argument all that defendant claims: that there was a lease; that plaintiff's agent, who had charge of the store, agreed to continue the lease for the same rent that he had rented the store for in previous years—two hundred dollars per annum, with the understanding, however, that he was to trade out the amount in goods and merchandise from the defendant's store for his own use, and that the amount was thus taken up by the agent. Can Strauss be held to a part of this as an actual bargain, though the court should determine that the other part was void for the want of power in the agent? The authorities say that he can. A parol lease void because required to be in writing by statute may be shown in evidence to support a distress where the tenant enters and occupies the demised premises, and if a lease is invalid because executed by an agent without legal authority it may still be referred to, to ascertain and regulate the rights of the parties during the actual existence of the tenancy. Edwards vs. Clemons, 24 Wendell, 480; Schuyler vs. Leggett, 2 Cowen, 660; Porter vs. Bleiler, 17 Barbour, 149.

Your petitioner respectfully suggests that the reasoning of the court in their decision rests upon the theory of a

common law distress where the amount claimed had to be definitely fixed, and the remedy only applied in cases of actual bargains for that reason. But under our statute in cases of dispute the jury may fix the amount, and so broad is this remedy that no written pleadings are required. Even if the affidavit upon which the distress issues is treated as a statutory declaration, it should be liberally construed as the statutory declaration in ejectment has been by this court. Gale vs. Himes, 17 Fla., 773. If the plaintiffs' affidavit is the declaration, is not defendant's affidavit the plea? If so, it must be freely construed, for on its face it merely alleges that the amount claimed is not due, and yet under it any defence may be made.

Your petitioner respectfully urges that his affidavit alleging that the rent was payable according to their agreement in money was the only truthful statement he could make with regard to the mode of payment, and the statute required the mode to be stated. If the contract was an implied one no other payment was legal. If the contract was actual and void in part the valid part fixed the amount of rent, the law fixed the only legal mode of payment.

If the court takes the view that the facts of the case support only an action for use and occupation of land, and that this statutory remedy of distress does not apply thereto, then your petitioner respectfully suggests that the present decision should be modified for the instruction of the bar and the guidance of the Legislature as well as for the benefit of your petitioner. In its present form the judgment of this court might be pleaded against an attempt to cover in another action against defendant for use and occupation, and it would perhaps cost the estate in your petitioner's hands the expense of a second appeal to settle this question, besides the delay in settling up the estate here, and in New York where the principal administration was granted.

This court has generally pursued a liberal course in suggesting to litigants the basis of their decisions, and much delay and vexation has often been saved thereby.

Your petitioner feels that he can support the views here presented with argument and authority and respectfully asks for a rehearing of the cause, and that all further proceedings may be stayed until such rehearing, and that he may have such other relief as is appropriate, and he will ever pray, &c.

S. G. HARTSHORN,
As surviving Executor of S. R. Mabbett, deceased, by S. Pasco, Attorney for Plaintiff.

THE CHIEF-JUSTICE delivered the following opinion on the petition for a re-hearing :

The petition says " upon the basis that the contract here sued on was an implied contract for rent your petitioner respectfully directs the attention of the court to the testimony in the record by which it may be supported."

This court is debarred from considering whether the testimony will support the theory of an implied contract, for two reasons.

1st. The state of the pleadings forbid it. The affidavit which contains the only statement of the plaintiffs' case, shows such an express contract as excludes all implication. It describes the locality of the property for which rent is claimed, it fixes the term of the lease at one year, it states the exact amount of rent to be paid for its use, and lastly that the amount of the rent by the "agreement" of the parties was to be paid in money. If anything was left to which the law can attach an inference or create a presumption from any incomplete action of the parties, we are unable to see it so far as the statements in the affidavit are concerned. The affidavit in our judgment unquestionably

shows an express contract. An alleged express contract cannot be proven by testimony proving an implied contract.

2d. The act of March 11th, 1879, chapter 3131, does not in our opinion change the common law in so far as making an express contract for a fixed rent indispensable to the right to distrain for rent due. The act throughout, whenever it alludes to the compensation to be given to the landlord for the use of the property, designates such compensation as "rent." Section 1 says: "All claims for rent shall be a lien. * * *" Section 2. "If any person to whom any rent may be due. * * *" No other word is used in the act to express the idea of compensation or satisfaction. The word rent has a definite legal signification, a signification that shows that it can only be created by express contract. "Rent is a return or compensation for the possession of some corporeal inheritance and is a certain profit, either in money, provisions or labor, issuing out of the lands in return for their use. Some of its common law properties are that it must be a profit to the proprietor, certain in its character or capable of being reduced to a certainty, issuing yearly, that is periodically, out of the thing granted, and not be a part of the land or thing itself." Coke Litt., 47; Blackstone's Commentaries, 41.

The act only authorizes a distress for rent due, and rent being solely the creature of express contract naturally leads us to the conclusion that the statute does not authorize a distress warrant when there is only an implied contract.

We can find nothing in the statute to authorize us to declare that it altered the common law as to the kind of contract which could be enforced by distress.

Counsel in his petition says further: "But plaintiff respectfully maintains that the authorities sustain his position in another view of the case. Admit for the sake of

the argument all that defendant claims; that there was a. lease; that plaintiffs' agent who has charge of the store agreed to continue the lease for the same rent that he had rented the store for in previous years, two hundred dollars per annum, with the understanding, however, that he was to trade out the amount in goods and merchandise from the store for his own use, and that the amount was. thus taken up by the agent. Can Strauss be held to part of this as an actual bargain, though the court should determine that the other part was void for want of power in, the agent?"

The agreement sworn to by Strauss, which counsel proposes to admit as true, was that he was to pay two hundred dollars in goods and merchandise.

Counsel insists that we should, by treating the part of the agreement to pay in goods and merchandise as void, construe the contract to pay two hundred dollars in money. The amount to be paid and the method of its payment being so intimately connected and inter-dependent, and together forming the consideration, are inseparable. We would be making an entirely new contract for the parties. by dividing the consideration.

If we were to hold that the entire consideration, to wit: to pay two hundred dollars in goods and merchandise, was. void for want of authority in the agent, we would be left to the consideration of the contract only as a permissive occupation of the premises and implied promise to pay a reasonable compensation, which we have seen would not be covered by the statute alluded to.

We are precluded also by the testimony from assuming that the holding over by Strauss after the expiration of his lease is such a continuation of the former tenancy as would subject him to a distress. The evidence on this point by the plaintiff is that Strauss had rented the store house for

several years.   Mr. Smoot says  in his deposition :  " He,"
(meaning his agent Whitfield) "made the contract for rent
each year ; that Strauss rented the store subject to our ap-
proval."    Mr. Hartshorn, the co-plaintiff, in his deposition
says :  " Mr. Whitfield was given the usual authority of at-
torneys ;  he made the contracts each year subject to our ap-
proval."

Rehearing denied.