S. V. HOUGH, J. E. DEAN, SR., AND G. W. DEAN, *Plaintiffs in Error*, v. STATE BANK OF NEW SMYRNA, *Defendant in Error*.

1. The obligations of a maker and of a mere endorser of a negotiable instrument are under the law essentially different, that of the maker being absolute while that of an endorser is contingent. The liability of a maker and of an endorser of a negotiable note is not in nature or substance joint or similar.

2. It is a well settled rule, that in an action *ex contractu* against several defendants, the plaintiff must show a joint liability in all.

3. A joint action against the maker and endorser of a promissory note cannot be maintained, in the absence of a statute authorizing it, since there is no joint liability, the obligation of each being several and the liability of each being dependent upon substantially different conditions and contingencies.

This case was decided by Division A.

Writ of error to the Circuit Court for Volusia County.

The facts in the case are stated in the opinion of the court.

*J. C. Reynolds* and *J. T. G. Crawford,* for Plaintiffs in Error;

*F. W. Pope,* for Defendant in Error.

WHITFIELD, C. J.—S. V. Hough executed notes payable to J. E. Dean, Sr. The notes were subsequently endorsed in blank by J. E. Dean, Sr., and G. W. Dean, and the bank as holder brought a joint action against S. V. Hough the maker, J. E. Dean, Sr., the payee and endorser and G. W. Dean endorser for non-payment of the notes.

G. W. Dean demurred to the declaration on the grounds that he was improperly joined in a joint action on the notes. The demurrer was overruled and judgment was finally entered for the plaintiff against all three defendants for the amount due on the notes.

A writ of error was taken in the name of all the defendants and it is contended that reversible error was committed in overruling the demurrer to the declaration.

The negotiable instruments statute provides that "a person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an endorser, unless he indicates by appropriate words his intention to be bound in some other capacity. Where a person, not otherwise a party to an instrument, places thereon his signature in blank *before* delivery, he is liable as endorser." Sec. 2996, 2997 General Statutes of 1906.

Whatever effect this statute has upon the rule announced in Melton v. Brown, 25 Fla., 461, 6 South. Rep., 211; McCallum v. Driggs, 35 Fla., 277, 17 South. Rep., 407; and Camp v. First Nat. Bank of Ocala, 44 Fla., 497, 33 South. Rep., 241, that where a person not a party to a negotiable instrument places his name upon the back of the instrument *before its delivery to the payee,* for the

purpose of lending credit to the instrument, and there was no understanding that the liability was not to·attach until after the endorsement by the payee, the liability of such person is that of a maker, Baumeister v. Kuntz, 53 Fla., 340, 42 South. Rep., 886, the statute and the cited decisions do not make one who merely endorses a note in blank after its delivery to the payee, liable as a maker so as to authorize a joint action against the marker and the endorsers.

Under the negotiable instruments statute the maker of a negotiable instrument engages that he will pay it according to its tenor. An endorser without qualification engages that on due presentment, the note shall be paid, and that if it be dishonored and the necessary proceedings on dishonor be duly taken he will pay the amount. Secs. 2993, 2999, General Statutes of 1906.

The obligations of a maker and of a mere endorser of a negotiable instrument are under the law essentially different, that of the maker being absolute while that of an endorser is contingent. The liability of a maker and of an endorser of a negotiable note is not in nature or substance joint or similar.

It is a well settled rule, that in an action *ex contractu* against several defendants, the plaintiff must show a joint liability in all. A joint action against the maker and endorser of a promissory note cannot be maintained, in the absence of a statute authorizing it, since there is no joint liability, the obligation of each being several and the liability of each being dependent upon substantially different conditions and contingencies. Webster v. Barnett, 17. Fla., 272.

The declaration alleges that Hough made and delivered the notes to J. E. Dean, Sr., as payee, and that subsequently, but before delivery to the plaintiff bank, J. E.

Dean, Sr., the payee, and G. W. Dean "by writing their names on the back of said notes, * * * thereby then and there became and made themselves original promissors and makers of the said notes."

Under the law and the facts alleged the liability of G. W. Dean is that of an endorser, no contrary intent being shown. As the liability of a maker and of an endorser after delivery of a promissory note depends upon different contingencies and is not joint, at least in the absence of a proper showing of a contrary intent, the demurrer of G. W. Dean addressed to the feature of the declaration alleging a joint liability should have been sustained.

The judgment is reversed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.