FOREST INVESTMENT COMPANY, A CORPORATION, AND L. H. INGRAM, AS SHERIFF OF OSCEOLA COUNTY, FLORIDA, *Appellants*, v. S. B. AULTMAN, *Appellee*.

Opinion Filed December 4, 1920.

Petition for Rehearing Denied February 8, 1921.

A judgment against the maker and an endorser of a note obtained in a county where one of them resides, after service of process as provided by law, is not void and subject to collateral attack.

A Writ of Error to the Circuit Court for Osceola County; C. O. Andrews, Judge.

Judgment reversed.

*Charles Cook Howell*, for Appellants;

*Johnston & Garrett,* for Appellee.

WHITFIELD, J.—A bill was filed in the Circuit Court for Osceola County by Aultman against Forest Investment Company, a corporation, and L. H. Ingram, Sheriff, in which it is in effect alleged that the defendant corporation obtained a judgment against S. B. Aultman and H. W. Williams in an action brought in the Civil Court of Record for Duval County upon promissory notes executed by Aultman as maker and endorsed by H. W. Williams; that Williams resides in Duval County, but Aultman resides in Osceola County. that the judgment has been recorded in Osceola County and an execution on the judgment issued by the Civil Court of Record for Duval County is in the hands of the Sheriff of Osceola County; that the judgment and execution are void because there was a misjoinder of parties defendant, because the defendant, Aultman, resides in Osceola County, and the cause of action did not accrue in Duval County and jurisdiction was not obtained of the person of Aultman. Relief against the lien of the judgment and execution was prayed. There was eventually a decree for the complainant and defendants appealed.

It is agreed that service of the summons issued in the assumpsit action was made upon Aultman in Osceola County and upon Williams in Duval County; that the notes were executed by Aultman as maker, payable to C. T. Ansley; that Ansley endorsed them to Peninsular Naval Stores Company, which company endorsed them to Williams, who endorsed the notes to Forest Investment Company, the plaintiff in the action on the notes.

In the final decree it is held:

1.  H. W. Williams was improperly joined as a defend-

ant with S. B. Aultman in the suit in the Civil Court of Record of Duval County, out of which this injunction suit arises, in that the said H. W. Williams was not an endorser at or before the execution and delivery of the promissory notes sued upon.

2.   Jurisdiction in the said cause in the Civil Court of Record was erroneously sought to be procured by this improper joining of·H. W. Williams as a defendant with S. B. Aultman, and that the court did not therefore have jurisdiction of the person or subject matter to said cause as against S. B. Aultman, and that therefore the judgment entered in said cause against S. B. Aultman was void and is not enforceable.

3.   A void judgment against S. B. Aultman, when recorded in the County of Osceola, State of Florida, would constitute a cloud on property of said S. B. Aultman lying in said county.

While a void judgment may be subject to collateral attack, yet a judgment that may have been, but was not adjudged erroneous in appropriate appellate proceedings may not be assailed collaterally.   See 15 R. C. L. 835 *et seq.*

Misjoinder of parties defendant in a transitory action, where the defendants were all duly served with appropriate process, may be an irregularity in procedure that would render the judgment erroneous and subject to reversal in appellate proceedings; but such judgment may not be void and subject to collateral attack.

Where under the statute a defendant in an action has the privilege of being sued in the county of his residence, and when duly served with appropriate process to give the court jurisdiction of his person, he does not by proper pro-

ceeding claim his privilege, a judgment against him in the cause may not be void or even erroneous.

Where under the statute process for appearance in an action that is issued in one county may be served on a defendant in another county, such service if duly made gives the court issuing the process power to proceed with a cause of which it has jurisdiction, and the defendant so duly served with process may be bound by the judgment rendered.

Even if there was a misjoinder of defendants in this case under the rule of procedure applied in Hough v. State Bank of New Smyrna, 61 Fla. 290, 55 South. Rep. 462; Webster v. Barnett, 17 Fla. 272; and even if such rule is not modified by Chapter 6486, Acts of 1913, except as to those parties who endorsed or otherwise become secondarily liable on promissory notes "at or before the execution and delivery thereof," yet such misjoinder, if any, would be a mere irregularity for which the judgment may have been adjudged erroneous on proper appellate proceedings. The judgment would not be void where service of process was duly made on the defendants, one of whom resided within the county where the court had jurisdiction, there being a cause of action against both of them.

Under the statute suits against two or more defendants residing in different counties may be brought in any county in which any defendant resides. §1384, Gen. Stats., 1906.

As service of process was duly made upon Aultman in the county of his residence; C. E. Ingalls & Bro. v. Merchants Broom Co., 68 Fla. 369, 67 South. Rep. 106, the judgment rendered against the maker and endorser was not void, therefore, it is not subject to collateral attack.

Reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.

### On Petition for Rehearing.

PER CURIAM.—A petition for rehearing is predicated upon the legal effect of Chapter 6486, Acts of 1913; but as a proper disposition of the cause does not involve a construction of the mentioned statute, all comment upon such statute in the opinion will be eliminated.

Rehearing denied.

All concur.