HARRY C. PROSSER, SINCLAIR DeLANEY, VIRGINIA LEE FIELD-ING (UNMARRIED) AND FORREST A. KILGORE, *Plaintiffs in Error*, v. ORLANDO BANK & TRUST COMPANY, A CORPORA-TION, *Defendant in Error*.

## In Banc.

1. Section 4733, Revised General Statutes 1920, Section 1, Chapter 6486, Laws 1913, authorizes a joint action against the maker and endorser of a promissory note or other negotiable instrument when the endorsement is made "at or before the execution and delivery thereof." It does not authorize a joint action against the maker and one who becomes endorser in the regular course of business after original delivery.

2. Section 4733, Revised General Statutes, expressly qualifies the action and limits it to persons who have become liable on the note or other negotiable instrument prior to its delivery to the original payee.

3. A motion in arrest of judgment goes to the legal sufficiency of the pleadings to sustain the findings made. Where suit is brought on a promissory note against defendants jointly, and upon the face of the pleadings joint liability is not shown, a joint verdict cannot be rendered against such defendants, and a motion in arrest of judgment should be sustained.

A Writ of Error to the Circuit Court for Orange County; C. O. Andrews, Judge.

Judgment reversed.

*Chas. P. Dickinson,* for Plaintiff in Error, Virginia Lee Fielding.

No appearance *contra.*

Long, Circuit Judge—On the 19th day of May, 1922, Orlando Bank & Trust Company, the plaintiff in the court below, filed its declaration against Harry C. Prosser, Sinclair DeLaney, Virginia Lee Fielding (unmarried) and Forrest A. Kilgore, defendants, action on a promissory note. The declaration alleges the defendant Prosser to be the maker of the note and the defendant DeLaney the payee. After the execution and delivery of the note by the maker the payee DeLaney endorsed the same to the defendant Fielding, who endorsed the same to the defendant Kilgore, who, before maturity thereof, endorsed the same to the plaintiff. Pleas were filed by the several defendants, to which demurrers and motions to strike were overruled by the court, and on the 22nd of November, 1924, a trial was had which resulted in a verdict for the plaintiff, and upon the 16th of December, 1924, a joint judgment was entered against all of the defendants as follows:

''Whereupon it is considered and adjudged that the plaintiff, Orlando Bank & Trust Company, have and recover of the defendants, Harry C. Prosser, Sinclair De-Laney, Forrest A. Kilgore and Virginia Lee Fielding (widow), their damages in the sum of $275.00 as principal sued for herein, and the further sum of $77.00, as interest thereon, together with the costs of this action herein taxed

at $19.18, together with $—— hereby fixed as a reasonable attorney's fee to be allowed plaintiff's attorney herein, for all of which let execution issue. The said Harry C. Prosser is principally liable hereunder as the maker of the note sued upon and the said Sinclair DeLaney, Forrest A. Kilgore and Virginia Lee Fielding are secondarily liable as indorsers thereof.''

Motions for new trial were filed by the defendants, which were denied by the court. Thirty-eight assignments of error were filed by the defendants Prosser, DeLaney and Kilgore, attacking the several orders of the court made in settling the pleading and in the admission of certain evidence and directed to the charge of the court, none of which have been argued and are therefore treated as abandoned. During the proceedings the defendant, Virginia Lee Fielding on November 20, 1924, filed her plea in abatement, to which a demurrer was filed, which demurrer was sustained by the court on the 21st day of November, 1924. On the 25th of November, 1924, the defendant, Virginia Lee Fielding filed a motion in arrest of judgment, which motion was denied, and on the 16th of December final judgment entered against all of the defendants. The assignments of error filed by the defendant Virginia Lee Fielding are:

First—The court erred in sustaining the demurrer of the plaintiff to the plea in abatement of the defendant, Virginia Lee Fielding.

Second—The court erred in overruling the defendant Virginia Lee Fielding's motion in arrest of judgment.

Third—The court erred in entering final judgment on the verdict in favor of the plaintiff.

It appears from the declaration in this case that the note was made by defendant Harry C. Prosser to Sinclair DeLaney, and that Sinclair DeLaney, subsequent to de-

livery thereof, endorsed the same to Virginia Lee Fielding, who thereafter endorsed the same to Forrest A. Kilgore, who endorsed to the plaintiff, the appellee herein. A demurrer was filed to the declaration which was overruled, and the same question raised by plea in abatement for misjoinder to which plea a demurrer was filed, the sustaining of which by the court is the first error assigned. The demurrer to the plea in abatement reaches back to the declaration, and therefore the question presented and to be determined by the Court is: Does Section 4733, Revised General Statutes 1920, formerly Section 1, Chapter 6486, Laws of 1913, authorize a joint suit or action against the maker and endorser of a promissory note when the endorser becomes liable thereon subsequent to the time of its execution and delivery to the original payee?

At common law the maker and endorser of a promissory note could not be joined in the same action, the obligation of the maker being absolute, while that of the endorser contingent, and this court has said:

"A suit against the maker and endorser of a promissory note cannot be maintained, there being no joint liability, their contracts being several and their liability depending upon different contingencies."

"Webster v. Barnett, 17 Fla. 272.

"A joint action against the maker and endorser of a promissory note cannot be maintained in the absence of a statute authorizing it since there is no joint liability."

Hough v. State Bank of New Smyrna, 61 Fla. 290, 55 South. Rep. 462.

The last cited case was decided by this court in the year 1911, and thereafter the legislature in 1913 enacted this statute:

"The maker or makers of promissory notes or other negotiable instruments and all persons who, at or before

the execution and delivery thereof, endorse, guarantee or become surety for the payment thereof or otherwise secondarily liable for the payment of the same may be sued in one and the same action.''

This statute authorizes a joint action against the maker and endorser when the endorsement is made ''at or before the execution and delivery thereof.'' It does not authorize a joint action against the maker and one who becomes endorser in the regular course of business after the original delivery. Had it not been the intention of the legislature to specifically confine the statute to an endorser ''at or befor the execution and delivery thereof'' this phase would have been omitted, and with its omission the act would have authorized a joint action against the makers, endorsers, guarantors, surety and other persons secondarily liable, without the omission of the phase ''at or before the execution and delivery thereof,'' the statute expressly qualifies the action and limits it to persons who have become liable on the note or other negotiable instrument prior to its delivery to the original payee.

The second assignment of error is that the court erred in overruling the defendant Virginia Lee Fielding's motion in arrest of judgment.

The third assignment of error attacks the entry of the final judgment.

Both of these assignments of error present the same question determined by the Court under the first assignment of error.

''A motion in arrest of judgment goes to the legal sufficiency of the pleading to sustain the findings made.''

Ball Bros. v. Holland, 76 Fla. 268.

This being a suit on a promissory note against the defendants jointly, and the pleadings have failed to dis-

close such liability of the defendants as would permit a joint verdict, the entry of a joint judgment was error.

The judgment of the lower court is reversed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the Court below should be, and the same is hereby, reversed.

WHITFIELD AND TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.

ELLIS, C. J., dissents.