The defendants in error instituted distress proceedings in the Circuit Court of Dade County, for the collection of rent alleged to be due them. As a basis for issuing the distress warrant an affidavit was filed. This affidavit did not aver that the amount of rent claimed was due by the East Coast Stores Inc. and the Southern Stores Corporation, jointly. The language of the first paragraph of the affidavit indicates that the East Coast Stores Inc. owed the amount claimed; while the second paragraph avers that the Southern Stores Corporation "assumed the liability for and is now responsible for the payment of the rent" by virtue of taking over the assets of East Coast Stores Inc., "by purchase," and the assumption of the liabilities of *Page 27 
said corporation, from which it may be inferred that the rent was due by the Southern Stores Corporation. The affidavit also fails to show whether the rent is payable in money or other thing of value, and it is not shown that the Southern Stores Corporation entered into the possession of the described property. The warrant directs the officer to levy upon the property of both corporations that may be liable for rent and collect the sum alleged to be due. The plaintiffs in error jointly and severally moved the court to quash and dissolve the warrant, which motion was overruled by the court. Thereupon they filed a traverse affidavit and the cause was tried before a jury. The following verdict was rendered.
 "We, the Jury, find for the plaintiffs and fix the amount of rent due from defendants in the principal sum of Seven thousand five hundred dollars, and interest thereon in the amount of Four Hundred Dollars, total $7900.00 Dollars.
 "So say we all."
Whereupon judgment was entered awarding a recovery against "the defendants, East Coast Stores, Inc., and Southern Stores Corporation," and also a judgment against the United States Fidelity and Guaranty Co., as surety upon the forthcoming bond.
 "Any person to whom any rent or money for advances may be due, * * * may make and file in the court in the county where the land lies, having jurisdiction of the amount claimed, an affidavit stating the amount or quality and value of the rent due for such land, or the advances, and whether it or they are payable in money, cotton or other agricultural product or thing." Section 5423 (3559) Compiled General Laws of Florida, 1927. "Upon the filing of such affidavit, the clerk, * * * shall issue a distress warrant," etc. Section 5424 (3560) Compiled General Laws of Florida, 1927. *Page 28 
It has been held here that the affidavit stands in lieu of and performs the function of a declaration. Smoot v. Strauss,21 Fla. 611. A judgment must be responsive to the issues tendered by the pleadings. 15 R.C.L. 604. If, therefore, the affidavit in the instant case is so defective that it fails to state a cause against both of the plaintiffs in error, it is insufficient to support a joint judgment against them. 33 C.J. 1133.
A failure to properly object to a declaration or defensive pleading that omits allegations of substantive facts which are essential to a right of action or matter of defense and which are not implied in, or inferable from, those alleged, is not a waiver of objections that might have been based upon the omission of such facts in the pleading and raised by demurrer or plea. Florida C. P. Ry. Co. v. Ashmore, 43 Fla. 272, 32 So. 832; Atlantic C.L.R. Co. v. Benedict Pineapple Co., 52 Fla. 165, 178, 42 So. 529; State v. Jennings, 47 Fla. 302, 306, 35 So. 986; Moore v. Lanier 52 Fla. 353, 359, 42 So. 462; Royal Phosphate Co. v. Van Ness, 53 Fla. 135, 141, 43 So. 916; Jacksonville Electric Co. v. Schmetzer, 53 Fla. 370, 373, 43 So. 85; Benedict Pineapple Co. v. Atlantic C.L.R. Co., 55 Fla. 514, 525, 46 So. 732, 20 L.R.A. (N.S.) 92; Hartford Fire Ins. Co. vs. Hollis, 58 Fla. 268, 275, 50 So. 985; Atlantic C.L.R. Co. v. Holliday, 73 Fla. 269, 277, 74 So. 479; 21 R.C.L. 614. Such defects in pleading are not cured by a verdict. Crawford v. Feder, 34 Fla. 397, 16 So. 287; Florida C. P.R. Co. vs. Ashemore, supra; 21 R.C.L. 615.
In 36 C.J. 369-70, we find that
 "A person may become liable for rent only by privity of contract or by privity of estate; and unless such privity exists between the lessor and an occupant of land entering under the tenant, such occupant cannot *Page 29 
be held personally liable for the rent. * * * A third person may, by contract based on a valid consideration, entered into after the execution of the lease, become liable for the rent. So also a third person may by substitution, take the place of the tenant so as to be liable for the rent."
The lease was for a period of five years beginning February 15th, 1926, and therefore came within the provisions of Section 5660 (3787) Compiled General Laws of Florida, 1927, and a valid assignment of the lease would have been required to be in writing. No such assignment is shown.
No assignment of the leasehold estate having been shown by the affidavit, it follows that the Southern Stores Corporation has not been shown to be liable for the said rent through privity of estate.
It therefore behooves us to inquire if there was a privity of contract between the lessors (defendants in error) and the Southern Stores Corporation in the sense that the corporation will be chargeable to the lessors with the rents to accrue under the lease. Sometimes "privity in this sense is regarded as existing whenever the intention of the contract is to confer a benefit upon the third person," and also "it is sometimes said that the law creates the privity between the parties * * *. The explanation which meets the actual facts of the case is that if the contract is intended for the benefit of a third person, it is not necessary that there should be any privity between the beneficiary and the promisor." 4 Page on Contracts (2d Ed.) 4211. This latter view has found favor in this Court. Wright v. Terry, 23 Fla. 160, 2 So. 6. See also Ackley vs. Noggle, 97 Fla. 640, 121 So. 882 and Hunter v. Wilson, 21 Fla. 250. *Page 30 
The averment in the affidavit that, "Southern Stores Corporation, by purchase, took over all the assets of the East Coast Stores, Inc. and assumed all the liabilities thereof," etc., is not sufficient to show privity of contract between Cuthbert and wife and Southern Stores Corporation.
The defendants in error can recover only upon the case made by the affidavit. Foye Tie Timber Co. vs. Jackson, 86 Fla. 97, 97 So. 517 and Florida cases therein cited.
Inasmuch as the affidavit fails to show that the plaintiffs in error were jointly liable for rent, to the defendants in error, the joint judgment against the plaintiff's in error cannot stand. Webster v. Barnett, 17 Fla. 272; Hough v. State Bank, 61 Fla. 290, 55 So. 462, Ann. Cas. 1912d 1200; Forest Inv. Co. v. Aultman, 80 Fla. 790, 87 So. 43; Prosser v. Orlando Bank Tr. Co., 93 Fla. 177, 111 So. 516.
In the absence of assignments of error raising the particular questions, this Court can consider fundamental errors appearing on the face of the record and reverse the cause therefor. Eddins v. Tweddle, 35 Fla. 107, 109, 17 So. 66; Bynum v. State,76 Fla. 618, 80 So. 572; Gunn v. State, 78 Fla. 599, 83 So. 511, Bowery v. Babbitt, 99 Fla. 1151, 128 So. 801.
The judgment is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.