### MILES, et ux v. BROWN, et ux.

Circuit Court, Citrus County.

July 31, 1956.

Lovick P. Williams, Inverness and Martin & Martin, Plant City, for plaintiff.

Scofield & Bradshaw, Inverness, for defendant.

T. G. FUTCH, Circuit Judge.

*Opinion and findings*: This is an action in ejectment. The plaintiffs in their complaint after describing the property involved make the following statement—"to which said plaintiffs claim an undivided one-half interest."

The complaint makes no statement as to the ownership of the other one-half interest in the land. Evidently, the plaintiffs are tenants in common with someone and are not the owners of the full title to the property involved.

This court is aware of the law that under certain circumstances the tenant in common or an owner in undivided interest in real estate may maintain a suit in ejectment but the complaint in this cause does not reveal any circumstances or conditions which enable the plaintiffs to maintain this cause. This court, of course, does not know what the facts are and it may be that the plaintiffs are in a position to bring themselves within the rules of law which would allow them to maintain this suit.

For the reasons above stated order will be entered dismissing the cause with leave to the plaintiffs to file an amended complaint if they be so advised within 15 days from this date.

In the event that the plaintiffs see fit to file an amended complaint they should file a better and more perfect chain of title. It is the opinion of this court that a mere reference to deeds recorded in certain books on certain pages is not sufficient. The chain of title should identify the lands covered by each deed and the title purported to have been conveyed. This court is also of the opinion that where a link in a chain of title is based on a will it is necessary to show more than what appears in this chain of title to be a record of the copy of a will recorded in a deed book. The chain of title attached to this separation in three incidences refers to "official record." I know of no such record authorized by law for the recording of instruments affecting title to real estate. See Gale v. Hines (1880), 17 Fla. 773.

*Order*: This cause came on to be heard on the motion of the defendants to dismiss the complaint for failure to state a cause of action on which relief can be granted and was duly argued by counsel for the parties.

The court being now advised of its judgment in the premises, it is ordered that the cause is dismissed on defendants' motion reserving, however, to the plaintiffs 15 days from this date within which to file an amended complaint if they be so advised.