JONATHAN BROWN, JR. *vs.* BENJAMIN F. BUTLER.

In an action on a promissory note to charge as a promisor a party whose indorsement thereof appears below the indorsement of the payee to the plaintiff, parol evidence is admissible to show that the defendant's indorsement was made before the delivery of the note by the maker to the payee for value.

CONTRACT on a promissory note signed by R. S. Alexander, payable on demand to the order of George Skolfield, and indorsed: " Pay to Jonathan Brown, Jr. or order. John Rogers, Adm'r Estate of George Skolfield." " Butler & Co."

At the trial in the superior court, before *Vose*, J., the signatures of all the parties were admitted, and the plaintiff offered parol evidence to show " that the indorsement of the administrator of the payee was put on the back of the note after the name of Butler & Co. was placed there, and after the note had been delivered to the payee for value with the name of Butler & Co. upon it."

The judge ruled that parol evidence was inadmissible for this purpose, and directed a verdict for the defendant; and the plaintiff alleged exceptions.

*D. P. Kimball*, for the plaintiff.

*H. A. Scudder*, for the defendant.

HOAR, J. It appears from the bill of exceptions that the

plaintiff offered parol evidence to show that George Skolfield was the owner of the promissory note declared on, signed by R. S. Alexander, and payable to the order of George Skolfield on demand; and that the name of Butler & Co. was upon the back of the note when it was passed to the payee for value. It is settled by a long series of decisions in this Commonwealth that this state of facts would make Butler & Co. liable as original promisors upon the note; and that parol evidence is competent to show it. The earlier cases are collected and commented on in the case of *Union Bank* v. *Willis*, 8 Met. 504.

The subsequent indorsement of the note to the plaintiff by the administrator of Skolfield, although written above the name of Butler & Co., could not affect the obligation of the parties already established. The cases upon which the defendant relies, and which have held that the contract which appears to be made by a party to a note, by the manner in which his name is affixed to it, cannot be varied or qualified by parol evidence, will all be found on examination to be cases in which it was held that the condition of the note when it was first delivered as a binding and valid contract is the real test; and that it is not allowable to prove by parol that a different contract was intended from that which the note itself and the position of the several names upon it would then indicate. *Clapp* v. *Rice*, 13 Gray, 403. *Stimson* v. *Silloway*, and *Powers* v. *Eastman*, Ib. 405, note. *Prescott Bank* v. *Caverly*, 7 Gray, 217. *Wright* v. *Morse*, 9 Gray, 337. *Slawson* v. *Loring*, 5 Allen, 340. So a party who puts his name upon a note after it has once been negotiated can only be held to the contract which his signature imports, upon such a note as it was when he put his name upon it. But his signature, wherever placed, cannot change the obligation of any other parties to the note, whose signatures had been previously affixed, and whose contract had already become complete and obligatory by the delivery of it as an executed instrument. *Howe* v. *Merrill*, 5 Cush. 80.

The case most nearly like the one at bar, and very closely resembling it, is *Pearson* v. *Stoddard*, 9 Gray, 199. That was an action upon a promissory note, against Stoddard and Whithead

as promisors. The note was signed by Stoddard, payable to Scott or order, and indorsed by Scott; and under the indorsement of Scott appeared the words " Waiving demand and notice. Darius Whithead." It was held that parol evidence was admissible to show that Whithead put his signature upon it before it was delivered to Scott, and that he was liable as an original promisor. That case is decisive as an authority upon the question now before us; and the parol evidence which was excluded at the trial should have been admitted.

*Exceptions sustained.*