Samuel A. Way *vs.* George H. Butterworth & others.

In an action to charge the defendant as an original promisor on a promissory note which the plaintiff took before maturity, in good faith and for value, bearing the defendant's name indorsed thereon above the indorsement of the payee to the plaintiff, parol evidence is admissible to rebut the presumption that the defendant indorsed the note at the time when it was made, and show that he did not do so until after it had taken effect as a binding contract between the maker and the payee.

The office of a private banker is not a bank within the terms of a note made payable at "any bank in Boston."

On the issue whether a promissory note, made payable to the defendant's order at "any bank in Boston," and indorsed by him to the plaintiff after its indorsement by a third person, was properly presented for payment at the office of the plaintiff, who was a private banker in that city, there was evidence that the plaintiff's business was similar to that of incorporated banks, except that he did not issue bank bills for circulation; that the defendant kept a deposit account with him, and he discounted this note for the defendant; that he had discounted other paper of the maker and first indorser of this note; and that he had discounted for the defendant another note of this maker, and also the note of another person indorsed like the note in suit. *Held*, that this evidence would not warrant the finding of an agreement, express or implied, of the plaintiff and defendant and maker of the note, that it might be presented for payment elsewhere than at an incorporated bank.

CONTRACT, brought December 18, 1868, against George H. Butterworth, Albert F. Butterworth and Willard Manuel, on a promissory note of which the following is a copy, with its indorsements :

"$1335.57.     Boston, July 20, 1868.

Four months after date, I promise to pay to the order of Willard Manuel, thirteen hundred and thirty-five $\frac{57}{100}$ dollars, payable at any bank in Boston.

" George H. Butterworth."

Indorsed,
" Albert F. Butterworth.
" Willard Manuel."

The declaration contained four counts.    The first was against George H. Butterworth as maker of the note, and is now immaterial.    The second was against Albert F. Butterworth as a joint promisor, on the ground that he indorsed the note before its delivery.    The third and fourth were against Albert F. Butterworth and Willard Manuel respectively, as indorsers.

At the first trial in the superior court, a verdict was returned against all the defendants, but exceptions alleged by them were sustained as to Albert F. Butterworth and Willard Manuel, and the verdict was ordered to stand against George H. Butterworth. See 106 Mass. 75.

1. At the new trial, before *Reed*, J., against Albert F. Butterworth and Manuel, the plaintiff sought to charge the former on the second count only, and he defended on the ground that, if he was liable at all, it was only as indorser, and not as joint promisor.

On this issue, the plaintiff testified that Manuel brought the note to him for discount, indorsed with only the name of Albert F. Butterworth, and that he directed Manuel to indorse it beneath that name, and Manuel did so.

Albert F. Butterworth thereupon called Manuel as a witness, who testified " that he received the note from the maker in payment of a debt due to him from the maker ; that subsequently he desired to get the note discounted, and sent it by his son to Albert F. Butterworth, requesting him to indorse it for the accommodation of the witness, and Albert F. Butterworth did so indorse it; that the witness then indorsed it under the indorsement of Albert F. Butterworth, and sent it before maturity to the place of business of the plaintiff, with a request that it be discounted, which was done ; that Albert F. Butterworth was under no obligation to indorse the note ; and that the maker was under no obligation to furnish an indorser, and had no part in procuring the indorsement of Albert F. Butterworth on the note."

Albert F. Butterworth also called Manuel's son as a witness, and he testified " that by his father's direction he carried the note to Albert F. Butterworth with the request that he would indorse it for the accommodation of the witness's father ; that Albert F. Butterworth at first objected to indorse it, but afterwards did indorse it ; and that the witness carried the note back to his father, and afterwards carried it, by his father's direction, to the plaintiff's place of business, and dropped it into a box for discount."

Upon this evidence, Albert F. Butterworth contended " that the question whether he was to be held as a joint promisor was for the jury ; " but the judge ruled " that, the note having been passed to the plaintiff before maturity, this defendant was liable as joint promisor," and directed a verdict against him, which was returned, and he alleged exceptions.

2. The defendant Manuel, in avoidance of his liability as indorser, contended that there was no due presentment of the note for payment, nor any due notice to himself of its dishonor.

On this issue, there was evidence " that the plaintiff, as a private banker, carried on the banking business, under the style of

'Bank of the Metropolis,' on State Street in Boston, doing a banking business similar to that done at incorporated banks, except that he issued no bank bills for circulation; that he discounted notes at his so called bank; and that he kept accounts there with depositors, among whom was this defendant, and discounted this note there for him." A notary public testified "that in the afternoon of November 23, 1868, he presented the note at this Bank of the Metropolis and demanded payment thereof, which was refused, and gave due notice of the dishonor to Manuel." Testimony was also introduced "that the plaintiff had discounted other paper of the Butterworths, and on one occasion had discounted a note of George H. Butterworth for this defendant Manuel, which note was indorsed by him and was paid at maturity; and that a note signed by Adam Phelps, and indorsed by these defendants Albert F. Butterworth and Manuel, had been discounted by the plaintiff for Manuel, and was not paid at maturity, but was afterwards paid by the maker." The foregoing was "all the testimony relating to the dealings and understandings between the plaintiff and defendants."

The judge, at Manuel's request, ruled that the place called the Bank of the Metropolis was not a bank within the meaning of the contract; but also ruled, against Manuel's objection, "that it was not necessary that the note should be presented at an incorporated bank, but, if it was presented at any place which the plaintiff and said Manuel and George H. Butterworth had agreed to use or treat as a bank, it would be a sufficient presentment." Manuel then requested a ruling that there was no evidence to warrant the jury in finding such an agreement. The judge declined so to rule, and ruled "that no express agreement of this kind need be shown, but it would be sufficient if the jury found such an agreement from the course of dealing between the parties."

Under these rulings the jury returned a verdict against Manuel, on the fourth count; and he alleged exceptions. The two bills of exceptions were argued together, in writing.

*J. E. Carpenter*, for Albert F. Butterworth.

*D. C. Linscott*, for Manuel.

*G. S. Hillard, H. D. Hyde & M. F. Dickinson, Jr.*, for the plaintiff.

AMES, J. If A. F. Butterworth signed his name upon the back of the note at the time when it was made, or at any time before it was delivered as a valid and binding contract to Manuel, he must be considered as an original promisor, and parol evidence would not be admissible to show that such was not his real contract. *Union Bank* v. *Willis*, 8 Met. 504. *Brown* v. *Butler*, 99 Mass. 179. In favor of a *bonâ fide* holder, it is presumed that the promise of such an indorser was made at the same time with the note. This, however, is not a conclusive presumption. This defendant would have a right to show that the fact was otherwise, and that his contract was not made until after the note had taken effect as a binding contract; and if he should succeed in proving it to be so, he might either not be chargeable at all, or chargeable as surety or guarantor, according to the facts proved. *Wright* v. *Morse*, 9 Gray, 337. If he placed his name in blank upon the back of the note after it was given, he could not be held as an original promisor. *Mecorney* v. *Stanley*, 8 Cush. 85. *Courtney* v. *Doyle*, 10 Allen, 122. Upon the report, we cannot say that there was no evidence to rebut the presumption that his name was placed there as a part of the original transaction. It was wholly a question of fact, to be decided by the jury. It was therefore a mistake on the part of the court to rule that, as a matter of law, the defendant was liable as a joint promisor, and that the plaintiff was entitled to a verdict on that ground against this defendant. *Rey* v. *Simson*, 22 How. 341. Under the declaration, there is no occasion to consider whether he could be held liable as a guarantor.

It was correctly ruled that the Bank of the Metropolis, which was the office of a private banker, was not a bank at which the note was made payable by the terms of the contract. *Way* v. *Butterworth*, 106 Mass. 75. We do not find in the report any evidence whatever tending to show that the maker of the note had agreed to use and treat the plaintiff's place of business as a bank. It follows therefore that there was no proof of presentment of the note for payment according to its terms, and for

want of such presentment Manuel cannot be charged as an indorser, unless he has waived the omission.

The exceptions of both defendants, Manuel and A. F. Butterworth, are therefore *Sustained.*