## Sigmund Rothschild v. George Grix.

*Promissory notes: Endorser before utterance: Payee: Original promisor: Joint maker.* One who at the instance of the maker backs a promissory note, payable to the order of a third person, at its inception, and before it has been uttered or any advance made upon it, and before the payee has endorsed the same, becomes, as to the payee who receives it in that shape and advances money upon it, an original promisor, and bound to him as principal and maker.

*Promissory notes: Endorser before utterance: Payee: Words of negotiability: Distinction.* The distinction sought to be drawn by the courts of New York in this regard, between notes having words of negotiability and those that have not, is criticised as being incorrect in principle, in that it makes the whole matter turn upon the form of the paper as drawn, and not upon the true legal relations which immediately arise between the backer and payee in the condition the note then is; and it is not recognized by the weight of authority outside of that state.

*Res adjudicata: Reconsideration: Conflicting opinions and theories.* The question except as affected by this distinction was settled for this state by *Wetherwax v. Paine, 2 Mich., 555.* That case having been decided over twenty years ago, and having long been cited and understood, abroad as well as here, as settling the rule for this state, and having been, it is fair to presume, so received and acted upon in commercial circles, any serious disturbance of it now would be confusing and mischievous; and the prevalence of conflicting opinions and theories elsewhere, instead of being a reason for re-opening the question here, affords additional ground against such a course.

*Questions of commercial law: Rules of decision: Precedents.* On a question of commercial law it would be unwise, in the absence of very strong reasons, to follow the not very harmonious course of decisions adopted in a single state, which is wholly at variance with the view generally, if not uniformly, prevailing everywhere else.

*Heard October 15.    Decided January 19.*

Error to Superior Court of Detroit.

ROTHSCHILD *v.* GRIX.

*Don M. Dickinson* and *F. A. Baker,* for plaintiff in error.

*Moore & Griffin,* for defendant in error.

GRAVES, CH. J.

This is a writ of error to the superior court of Detroit. The defendant in error recovered under the money counts on a ·promissory note dated October 16th, 1871, given for two thousand dollars, by the late Arnold Kaichen, and payable one year after date, at the Germania Bank in Detroit, to *the order of the defendant in error,* with interest at ten per cent., and *signed on the back by the plaintiff in error.*

No steps were taken to hold Mr. Rothschild as indorser or guarantor, and the real question in the case concerns the legal nature of his undertaking. The parties were both sworn, and their accounts respecting this and some other features of the transaction were repugnant.

Mr. Grix testified that he agreed with Mr. Kaichen to loan him two thousand dollars on his note, if signed by either Mr. Kanter or Mr. Rothschild; that Mr. Kaichen thereupon drew up this note, and the next morning handed it, with the name of Mr. Rothschild on the back, to the defendant in error as payee, at the latter's shop, and that he, the defendant in error, at once gave his check to Mr. Kaichen for. two thousand dollars; that about the close of the year specified, Mr. Kaichen paid˙ two hundred dollars for interest, but as he wished to have the note remain, it was allowed to run.

Mr. Rothschild testified that he did not put his name on the note until *after its delivery to and discount by the defendant in error.*

In charging the jury the judge properly noticed the contradictions in the testimony in regard to this and some other points, and stated the rules of law applicable to the different versions; and when he came to advise upon the· effect of their finding to be true the explanation given by

the defendant in error, he in substance laid it down, that if the note at its inception, and before being uttered, and before any advance on it by Mr. Grix, was backed by Mr. Rothschild at the instance of Mr. Kaichen, the plaintiff in error became as to Mr. Grix an original promisor, and bound to him as principal and maker, when he, Mr. Grix, received it in the shape it bore and advanced the money on it.

As the cause was submitted by the judge, it must be taken that the jury found against the version of Mr. Rothschild and in favor of that of Mr. Grix, and so regarding it, the plaintiff in error questions the soundness of the legal proposition which the judge said would follow in case Mr. Grix's explanation should be considered true.

· This ruling of the court below was based on *Wetherwax v. Paine, 2 Mich., 555,* and the counsel for the defendant in error maintain that the decision there given fully covers the present question and supports the ruling.

On the other hand, the counsel for the plaintiff in error observe that in *Wetherwax v. Paine* the note was in terms *non-negotiable,* and they urge that this circumstance was sufficient to subject that case to principles inapplicable to one like this, where the note contains words of negotiability. And after insisting that the point now made is still an open one in this state, they claim that on principle, and according to the best considered cases, Mr. Rothschild, on the state of facts contemplated by the court and found by the jury, was either an indorser or guarantor, and not a party primarily and absolutely liable on the note.

In view of these opposing positions, we are first to see whether *Wetherwax v. Paine* is applicable, because if it is, we think it should stand as authority and decide the question before us. That case was decided more than twenty years ago, and it has long been cited and understood, abroad as well as here, as settling the rule in this state. And it is fair to presume that it has been so received and acted on, and is now so considered in commercial circles. Any seri-

ous disturbance of it would be confusing and mischievous; and if any further reason were needed against re-opening the question there decided, the prevalence of conflicting opinions and theories elsewhere would afford it. When we turn to the books, we find the cases too numerous to warrant full citations, and we also find a discordance of opinion and judgment scarcely exceeded in case of any other legal subject.

By many courts it has been held that where a stranger signs the note on the back before delivery to the payee, he is *prima facie* liable as an original promisor.—*Sylvester v. Downer, 20 Vt., 355; Schneider v. Schiffman, 20 Mo., 571; Childs v. Wyman, 44 Me., 433; Perkins v. Barslow, 6 R. I., 505; Currier v. Fellows, 7 Fost., 366; Carpenter v. Oaks, 10 Rich., 17; Cecil v. Mix, 6 Ind., 478; Carr v. Rowland, 14 Texas, 275; Peckham v. Gilman, 7 Minn., 446; Collins v. Trist, 20 La. An., 348;* and see likewise *Rey v. Simpson, 22 How., 341, 350; Vore v. Hurst, 13 Ind., 551, 556; Orrick v. Colston, 7 Gratt., 189, 199.*

The decisions in Massachusetts, and possibly in some of the courts just mentioned, indicate a somewhat more stringent rule in favor of holding the backer in such a case to the liability of an original promisor.—*Chaffee v. Jones, 19 Pick., 260; Bryant v. Eastman, 7 Cush., 111; Bickford v. Gibbs, 8 Cush., 154; Mecorney v. Stanley, 8 Cush., 85; Riley v. Gerrish, 9 Cush., 104; Benthall v. Judkins, 13 Met., 265; Essex Co. v. Edmands, 12 Gray, 273; Brown v. Butler, 99 Mass., 179; Wright v. Morse, 9 Gray, 337.* —See, however, *Clapp v. Rice, 13 Gray, 403; Patch v. Washburn, 16 Gray, 82; Way v. Butterworth, 108 Mass., 509.*

Other courts have determined that one so signing is *prima facie* a kind of guarantor; but they do not seem to be entirely agreed as to the full sense of the guaranty.— *Camden v. McKoy, 3 Scam., 437; Webster v. Cobb, 17 Ill., 459; Blatchford v. Milliken, 35 Ill., 434; Ranson v. Sherwood, 26 Conn., 437; Riddle v. Stevens, 32 Conn., 378; Rhodes v. Seymour, 36 Conn., 1; Seymour v. Leyman, 10*

*Ohio St., 283, 286 ; Greenough v. Smead, 3 Ohio St., 415 ;* see also *Sturtevant v. Randall, 53 Me., 154; Lowell v. Gage, 38 Me., 36.*

Some other tribunals have taken a position different from either, and have decided that one backing a note as supposed contracts only as indorser.—*Ellis v. Brown, 6 Barb., 282; Spies v. Gilmore, 1 Comst., 321 ; Cottrell v. Conklin, 4 Duer, 45 ; Moore v. Cross, 19 N. Y., 227; Bacon v. Burnham, 37 N. Y., 614; Phelps v. Vischer, 50 N. Y., 69 ; Slack v. Kirk, 67 Penn. St., 380 ; Clouston v. Barbiere, 4 Sneed, 336 ; Fear v. Dunlap, 1 Greene (Iowa), 331; Pierce v. Kennedy, 5 Cal., 138 ; Jones v. Goodwin, 39 Cal., 493 ; Jennings v. Thomas, 13 Smedes & M., 617.*

The courts of New York now make a distinction between cases where notes have words of negotiability and where they have not, and whilst admitting the signer's liability as original promisor in the latter, they maintain that in the former he is only chargeable as indorser.—*Richards v. Warring, 1 Keyes, 576 ; Cromwell v. Hewitt, 40 N. Y, 491; Phelps v. Vischer, 50 N. Y., 69.*

It is somewhat noteworthy that in that state, where has sprung up this distinction excluding liability as original promisor in case the note has words of negotiability, the very cases in which the courts first dealt with such contracts, and first recognized and affirmed the liability as original promisor, *were exclusively cases where the notes contained negotiable terms.—Herrick v. Carman, 12 J. R., 160 ; Nelson v. Dubois, 13 id., 175 ; Campbell v. Butler, 14 id., 349 ; Labron v. Woram, 1 Hill, 93.*

It was not, it would seem, until *Dean v. Hall, in 1837 (17 Wend., 214),* that it was judicially suggested that the right to charge the backer as an original promisor applied only to non-negotiable paper.   But *Judge Cowen,* who gave the opinion in that case, noticed the previous decisions and proceeded to remark, that in his judgment they went no further than to establish that where the defendant was privy to the consideration and indorsed the note, "*it*

*being non-negotiable, or at most one payable to order, or to the plaintiff or bearer and not negotiated, the declaration might charge the defendant directly as the maker."*

In *Seabury v. Hungerford, 2 Hill, 80,* a majority of the court proceeded ostensibly on the distinction thus broached by *Judge Cowen,* but appear to have gone somewhat further; and at length in *Hall v. Newcomb, 7 Hill, 416,* the court for the correction of errors, by a vote of seventeen to eight, took the final step, and decided that the undertaking of the backer of paper having negotiable terms was that of endorser merely. The proposition was strongly contested by members of the court, and only prevailed after a second argument.

Passing from this reference to the course of decision in New York, where the distinction we are considering appears to have originated, or at least to have acquired importance, it is best to glance at the ground on which it is based. The whole matter is made to turn upon the form of the paper as *drawn,* and not upon the true legal relations which immediately arise between the backer and payee in the condition the note then is.

It is said that paper having no negotiable words is not in legal shape to admit the ancillary contract of indorsement, and yet the backer must be conclusively presumed to have intended to bind himself to the payee in some legal form in connection with the note, and there being no other form, he must be supposed to have designed to stand as original promisor or guarantor.—*Richards v. Warring; Seabury v. Hungerford.* But on the other hand it is urged that where the note contains negotiable words the case is altogether different. There the structure of the primary undertaking is such as to admit the contract of indorsement to be engrafted upon it by the signature of a stranger, and the name being set in the proper place to denote the contract of an indorser, the only admissible inference is, that the party intended to contract, and was understood as contracting exclusively in that character.—*Seabury v. Hun-*

*gerford.* It is however proper to bear in mind, in reviewing these cases from New York, that in *each of them the transaction was explained by extrinsic evidence,* and that neither of them was left to rest upon the evidence afforded by the instrument and signatures.

It is, therefore, not certain how a case in New York, not so explained, would be now decided. As soon as we look outside of that state we fail to discover any satisfactory evidence of the recognition of the distinction. There may be cases elsewhere which point towards it, but in no other state do we find the courts commending it as a proper feature of the law merchant.

In many cases, as in *Perkins v. Catlin, 11 Conn., 213; Lewis v. Harvey, 18 Mo., 74; Sumner v. Gay, 4 Pick., 311;* and *Champion and Lathrop v. Griffith, 13 Ohio, 228,* it has been expressly repudiated; but, generally speaking, the courts have decided without any regard to it whatever, and seem to have assumed that it had no valid title to recognition.

In the absence of very strong reasons it would hardly be considered wise to follow, on a question of commercial law, the not very harmonious course of decision adopted in a single state; and one, too, wholly at variance with· the view prevailing for the most part, if not uniformly, everywhere else. And we do not discover in the New York ruling any such cogency, simplicity or congruity as to justify us in accepting this position of her courts, and in limiting the application of *Wetherwax v. Paine* in accordance therewith. The reasoning on which the distinction proceeds does not seem quite clear and convincing.

If not misapprehended, it makes the backer's undertaking, when entered into, assume the character of an indorser's contract, or that of the contract of an original promisor, according as the note does or does not contain words which permit the paper to be rendered negotiable, and it neither regards any extrinsic arrangement or understanding bearing on the quality of the undertaking, or the circumstances

that when the backer's contract is complete, and defined by delivery to the payee, the words of negotiability still remain dormant, and the note without an indispensable quality to make it presently negotiable.

Now, the backer's contract takes effect simultaneously with that of the party who signs upon the face, and the right of the payee against each enures at the same time. The note, it is true, then contains words of negotiability, but they are without function. They have a potential force only. The note is still not in shape to be negotiable, and cannot be negotiable until the payee, or one in his shoes, elects to indorse. The effect of putting in the words of negotiability not being to constitute the paper presently negotiable, but to convey to the payee and his privies the power, to be exercised at their election, to invest it with negotiability. Still, the contract relation of the backer to the payee is constituted at the outset. If the backer's attitude to the payee is not then that of indorser, it cannot grow into it by mere lapse of time. The possibility that the note may be made subject to an indorser's contract does not make it subject thereto when it is delivered.

The payee may choose, under the right exclusively vested in him, not to indorse at all; and, if such is his choice, the paper will never come into a negotiable state. Such has been the case here. When Mr. Rothschild contracted, the note was in a state as non-negotiable in fact as though it had lacked the words proper to permit it to be put in negotiable shape. On the whole, it seems hardly reasonable to found such important distinctions and consequences upon the presence or absence alone of words conveying to the payee the right to make the paper negotiable at his election.

I think the court committed no error in following *Wetherwax v. Paine,* and this view of the main point disposes of several other matters noticed in the brief; and the remaining objections are so clearly untenable that I shall not discuss them. The charge was certainly as favorable to plaintiff

in error as the facts authorized, and the exceptions for excluding evidence are answered by the record. All the circumstances, whether material or immaterial, seem to have been gone into in the course of the trial. It is true certain questions to Mr. Rothschild were at one time refused, but at a later stage his counsel appear to have examined him fully on the same subject. The propriety or importance of those inquiries, in view of the finding, demand no examination.

I think the judgment should be affirmed, with costs.

CAMPBELL, J., concurred.

COOLEY and CHRISTIANCY, JJ.

We are inclined to regard the case of *Wetherwax v. Paine* as settling the rule of law for this state, and on that ground to concur in the foregoing opinion.