## ASA M. ALLEN *vs.* DAVID P. BROWN.
## SAME *vs.* GEORGE M. BUTTRICK.

Worcester. Oct. 4, 1877. — Feb. 27, 1878. ENDICOTT & LORD, JJ., absent.

**In an action by the payee on a promissory note, signed on the back thereof by the defendant before delivery, oral evidence is inadmissible to show that the payee agreed to treat him as an indorser, and not as an original promisor.**

**In an action against a surety on a promissory note, it is no defence that the holder delayed enforcing the note against the maker, and that the surety was thereby injured.**

TWO ACTIONS OF CONTRACT against the defendants as makers of a promissory note for $1000, dated February 2, 1874, payable on demand to Lyman Drury or order, purporting to be signed on its face by Lucius W. Pond, and on its back by the defendants, and indorsed by Drury to the plaintiff. Writs dated May 6, 1876.

At the trial in the Superior Court, before *Aldrich*, J., the plaintiff introduced evidence that the note was signed by Pond and indorsed by the defendants, and in that condition was delivered to Drury by Pond for a debt due from Pond to Drury; and that thereafter Drury indorsed the note to the plaintiff.

The defendants contended and offered to prove by parol that they put their names on the note with the intention, both of themselves and the payee of the note, that they should assume the responsibility of indorsers only, and not as original promisors, and that the payee consented to accept and did accept the note, in pursuance of an agreement with the defendants that he would hold and treat them as indorsers only, and not as original promisors.

The defendants further contended, and offered to prove by parol, that they put their names on the note as sureties for the maker, without consideration, and that the payee, knowing this relation of suretyship, accepted the same; and that the payee and the plaintiff, with knowledge of the suretyship, gave to the maker, without the knowledge and consent of the defendants, a long and unreasonable extension of time in which to pay the note, and by such gross negligence and laches in other respects so lessened, embarrassed and destroyed the defendants' rights and

remedies against the maker, as to discharge them from all liability on the note.

The plaintiff objected to the admission of this evidence, and the judge excluded it, ruled that the defendants were liable as original promisors, and directed the jury to return a verdict for the plaintiff. The defendants alleged exceptions.

*B. W. Potter*, for the defendants.

*H. L. Parker*, for the plaintiff.

SOULE, J. The defendants put their names on the back of the note before it was delivered to the payee and became a binding contract. They must, therefore, be considered as original promisors, and parol evidence was not admissible to show that this was not their real contract. *Union Bank* v. *Willis*, 8 Met. 504. *Brown* v. *Butler*, 99 Mass. 179. *Way* v. *Butterworth*, 108 Mass. 509.

The evidence offered of an extension of time given to the maker in which to pay the note, and of " negligence and laches in other respects," was not admissible. Assuming that the defendants were sureties only, and that the plaintiff knew it, he was not under any duty to them as regards promptness in enforcing the collection of the note. If he had made a valid contract, on which a remedy could have been had against him, by which he gave time to the principal on the note, without the knowledge or consent of the sureties, that would have discharged them. The defendants did not offer to prove that such contract had been made, but only an extension of time by delay. This, if proved, would not have constituted a defence. *Hunt* v. *Bridgham*, 2 Pick. 581. *Horne* v. *Bodwell*, 5 Gray, 457. *Wilson* v. *Foot*, 11 Met. 285. *Agricultural Bank* v. *Bishop*, 6 Gray, 317.

*Exceptions overruled.**

---

* The St. of 1874, c. 404, which took effect on July 30, 1874, is as follows: " All persons becoming parties to promissory notes payable on time by a signature in blank on the back thereof shall be entitled to notice of the non-payment thereof the same as indorsers."