S. H. MELTON, APPELLANT, VS. MOSES J. BROWN, APPELLEE.

A man, not named as payee, who puts his name on the back of a note before delivery to the payee, upon the faith of which money was loaned or credit given by the payee to the maker, is liable on it as an original promisor, although it be proved that he wrote his name on the note as surety for the maker. His liability is that of a joint and several maker of the note.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion of the court.

*Hartridge & Young* for Appellant.

*Doggett & Buckman* for Appellee.

MITCHELL, J.: On the 27th day of February, 1883, J. M. McIntosh, made his promissory note for $200 payable to Brown, the appellee, or order, and due at ten days, and before the note passed to the payee, Melton, the appellant, endorsed the note in blank, by writing his name across the back of same; the note fell due and was not paid, and the appellee

instituted suit against both McIntosh and Melton as to the makers of said note. McIntosh was not served with process and the suit was dismissed as to him.

The defendant in his plea says that he did not make the promissory note mentioned in the declaration, the plaintiff joined issue thereon, and a jury being waived by consent, the issue was submitted to the court upon the following statement of facts agreed upon by the counsel in the case:

" Defendant, McIntosh, drew a note payable to the plaintiff for the sum of two hundred dollars, dated February 27, 1883, and due ten days after the date, which said note was endorsed by the defendant, S. H. Melton, on the back thereof at the time it was made, and before its delivery to the payee, plaintiff, and for the purpose of giving defendant, McIntosh, credit with the payee, and in that shape delivered to the payee, plaintiff, before maturity, and on the day of its date for value received."

The court found for the plaintiff, and assessed his damages at the amount of the note, including interest and costs.

The defendant moved for a new trial:

*First*, The finding of the court is contrary to the evidence;

*Second*, The finding and judgment are contrary to the law and the evidence;

*Third*, The findings and judgment of the court are not sustained by the evidence.

The motion was overruled and the defendant appealed.

The following errors are assigned:

1st. The court erred in finding that the defendant, S. H. Melton, was a joint maker of the note sued on, and liable as such;

2d. The court erred in overruling the motion for new trial;

3d. The court erred in rendering judgment against the

defendant, S. H. Melton, upon the evidence submitted in the case.

These several assignments may be considered together, and in doing so, the only question to be considered is, was the defendant, Melton, liable as one of the makers of said note? As to this question there is such a conflict of authorities that the case at bar—either affirmed or reversed—would be supported by authorities of the highest respectability; but we think that the current of, and better authorities sustain the doctrine that, when a party who is neither the maker or payee of a promissory note for the purpose of enabling the maker to raise money on it, and before the note passes to the payee, endorses said note in blank (by simply writing his name on the back or any other part of the note) he thereby becomes liable as one of the makers, and that the note so endorsed becomes the joint and several note of the maker and party who placed his name on the same. Sugner *et al.*, vs. Pronser, 1 Hill, 256; Brewster vs. Silence, 8 N. Y., 207; Maice vs. Bird, 11 Mass., 436; 30 Maine, 311; Rogers vs. Simpson, 22 How., (U. S.) 341; Good vs. Martin, 95 U. S., 90; Bendey vs. Townsend, 109 U. S., 665; Chaddock vs. Vanness, 35 N. J., 517, and numerous cases cited; May vs. Butterworth, 108 Mass., 508; Brown vs. Butler, 99 Mass., 179; Rochschild vs. Gix, 31 Mich., 150; Quin vs. Stone, 26 Ga., 223; Carroll vs. Weld, 13 Ill., 682; Riggs vs. Waldo, 2 Cal., 485; Sylvester vs. Downer, 20 Vt., 355; Lewis vs. Harvey, 18 Mo., 74; Story on Promissory Notes, sections 466 to 469, and other authorities too numerous to cite.

Judge Story, in section 469, *supra*, says: "The principle on which all these cases turn is the same; and that is, to expound the particular transaction, without reference to the form which it has assumed, in such a manner as will best carry into effect the substantial intention of the par-

ties, *ut res magis valeat quam pereat*, rather than by a close or technical interpretation adhering to the letter, to defeat the very objects and purposes for which alone the transaction must have taken place, and thus to make it operate at once as a delusion and a fraud upon the ignorant and unwary. Nor is there anything novel in this mode of interpretation applied to this class of cases. It stands upon the principle that two instruments of the same general nature, both executed at the same time and relating to the same subject matter, are to be construed together, as forming but one agreement. As he who signs on the face, and he who endorses his name on the back, both promise to do the same thing, to-wit: to pay the money at the specified time, they may, without doing violence to the contract, be deemed as joint makers; and, as in point of form, each promises for himself, the undertaking may be treated as several as well as joint."

*Contra.* Appellants cite the following authorities: Price vs. Lavender, 38 Ala., 390; 1 Daniel on Negotiable Instruments, section 716; Willis vs. Jackson, 6 Black, 43; 13 Ind., 554; 15 Ib., 236; 22 Ib., 114; 40 Ib., 462; Comparree vs. Brockway, 11 Hump., 358; Jennings vs. Thomas, 13 S. & M., (Miss.) 617; 2 Oregon, 59; 3 Mich., 188; 42 N. H., 9; 61 Ind., 52; 4 Sneed, 338.

There was no error in the judgment of the Circuit Court. Affirmed.