FANNIE D. WAY, executrix, vs. HARRISON DUNHAM.

Suffolk.　March 11, 1896. — May 25, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Promissory Note — Forbearance to Sue.*

Mere indulgence or delay on the part of the holder of a promissory note towards the payee and indorser in enforcing payment does not discharge him.

CONTRACT, upon three promissory notes for fifty dollars each, signed by John I. Barry, dated April 24, 1893, payable to the order of the defendant in four, five, and six months, respectively. The answer alleged, among other things, that, if the plaintiff should " prove any of said notes, the defendant says the plaintiff made an agreement with the maker to take payment in work and extend the time of payment therefor, and has no claim against this defendant." Writ dated January 8, 1894.

At the trial in the Superior Court before *Blodgett,* J., there was evidence tending to show that the notes were given to John M. Way, the plaintiff's testator, who died in June, 1893; that the plaintiff gave a power of attorney to William T. Way to transact all business for her; that Barry died on December 30, 1893; and that there were originally six notes, three having been paid in work by Barry, who had also made a part payment upon the first note in suit.

The defendant testified that after the maturity of the notes William T. Way said to him " that if it was any one except myself, he would probably sue them ; he would have sued me on the notes, but he had agreed with Mr. Barry to take payment of the notes in work. I told him that that was what I had understood from Barry, and that therefore I had not looked after the notes at all; that I had understood that the three notes had already been paid in that way, and that was his understanding altogether. He told me that, and simply said that was all ; if it had been another fellow except me, I think were the words he used, he would have sued them." On cross-examination the defendant testified that Way did not state to him that there was any particular time within which the notes were to be paid by

Barry in work, and that Way did not say that he had agreed not to sue the notes.

Way testified that he told the defendant that Barry was not meeting the notes; that he did not want to sue the defendant; that Barry was doing some work for him; that he would get what he could out of Barry; that Barry paid three of the notes in work; that he had no conversation with Barry in which he extended the time for the payment of the notes, only Barry was troubled, and did not want the defendant sued or called upon to pay, and that he, Way, took the notes out in work as fast as he could get it out, which was very slow.

The judge ruled that the defendant had made out no legal defence, and directed a verdict for the plaintiff; and the defendant alleged exceptions.

*H. Dunham*, pro se.

*J. W. Keith*, for the plaintiff.

MORTON, J. Mere indulgence or delay on the part of the plaintiff towards the principal debtor in enforcing payment did not discharge the defendant. *Wilson* v. *Foot*, 11 Met. 285. *Agricultural Bank* v. *Bishop*, 6 Gray, 317. *Allen* v. *Brown*, 124 Mass. 77. *Wilson* v. *Powers*, 130 Mass. 127. *Haydenville Savings Bank* v. *Parsons*, 138 Mass. 53. To discharge the defendant there must have been a valid agreement between the plaintiff and the debtor to extend the time or vary the contract, or the defendant must have been led by the representations of the plaintiff to change his situation, either, for instance, by surrendering security or forbearing to take security, or otherwise to his loss. *Wilson* v. *Foot, Agricultural Bank* v. *Bishop, Allen* v. *Brown*, and *Wilson* v. *Powers, ubi supra. Harris* v. *Brooks*, 21 Pick. 195. *Carpenter* v. *King*, 9 Met. 511.

The evidence falls far short of disclosing such a state of things.

*Exceptions overruled.*