ROBERT J. CAMP, JOHN S. CAMP AND B. F. CAMP, PARTNERS AS R. J. CAMP AND BROS., AND GEORGE B. GRIFFIN, PLAINTIFFS IN ERROR, VS. FIRST NATIONAL BANK OF OCALA, DEFENDANT IN ERROR.

1. In a suit against several upon a joint cause of action one appeared but filed no pleas, others appeared and filed pleas, and the sheriff returned that another could not be found in the county. Upon application of the plaintiff and those defendants who had filed pleas the cause was referred to a referee for trial. Thereafter the referee permitted an amendment of the sheriff's return so as to show that the defendant mentioned therein did not reside in the county, it being proved that such was the fact, and that the sheriff ought to have made that return in the first instance. Held, that the referee had power to permit the amendment.

2. Under the decisions of this court in Melton v. Brown, 25 Fla. 461, 6 South. Rep. 211, and McCallum v. Driggs, 35 Fla. 277, 17 South. Rep. 407, where it is proven that parties placed their names on the back of a note before its delivery to the payee, for the purpose of lending credit to

the instrument with the payee k their signatures, and there was no understanding that their liability was not to attach until after the payee had endorsed the note, they are liable as joint makers even though it be proved that they wrote their names on the back of the note as sureties for the maker and without participating in the consideration for which the note was given; and the rule so announced applies even though the words "demand, protest and notice of protest waived" be written over such signatures.

3. A bank becomes the absolute owner of money deposited with it to the general credit of a depositor, in the absence of any special agreement importing a different character into the transaction, and the relationship between the parties is simply that of debtor and creditor.

4. The right of a bank to apply a depositor's credit balance to the satisfaction of a debt due it by such depositor, is in the nature of a set off or application of payments which will not be required by law so as to benefit a surety liable for such debt where there is no instruction from the depositor to so apply it, nor agreement between him and the bank that it shall be done, and where the debt has not been included in the account between the bank and the depositor by the course of dealing between them.

5. In order to entitle a party to a verdict or finding upon a plea tendering an immaterial issue every fact alleged in such plea must be proved as alleged.

6. The finding of a referee upon a question of fact where the witnesses are examined before him is entitled to the same weight as the verdict of a jury.

7. Where pending suit upon a note plaintiff for a valuable consideration paid him by a third party in writing agrees to transfer and assign the note and any judgment thereon to such third party or to his order, or assigns on demand, but no demand for such transfer is made before judgment, the plaintiff still remains the owner of the legal title to the note and may continue the suit in his own name.

8. Where interest at the legal rate is allowed as an incident to the recovery, it is not necessary that there should be an express claim therefor in the declaration, provided the ad damnum clause is in an amount sufficient to include it, but where interest beyond the legal rate is sought to be included in the recovery as damages by reason of a special contract between the parties to, pay such interest, the declaration must be so framed as to apprise the defendant of the claim therefor, in order to warrant its recovery.

9. The legal existence of a national bank is not ended by its insolvency and the appointment of a receiver therefor by the Comptroller of the Currency, but it still continues as an entity capable of suing and being sued, notwithstanding such appointment; and where under such circumstances the legal title to a note, not an asset of the bank, is in its name but the beneficial ownership in another, a suit upon such note may be maintained in its name, to recover the money due thereon.

10. Where the judgment of a referee is reversed by the appellate court he has no further jurisdiction of the case after such reversal unless it should be again referred to him by consent of parties.

Writ of error to the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*R. A. Burford,* for Plaintiffs in Error;

*Shackleford & Pettingill,* for Defendant in Error.

PER CURIAM.

The First National Bank of Ocala brought suit in the Circuit Court of Marion County against Robert J. Camp, John S. Camp, and B. F. Camp, partners as R. J. Camp & Bros., and Rene R. Snowden, George B. Griffin and John A. Bishop, charging them as joint makers upon a note, of which the following is a copy:

"Ocala, Florida, April 27th, 1891.

$600.

Three months after date I promised to pay to the order of the First National Bank of Ocala, Six Hundred & 00-100 Dollars, at the First National Bank of Ocala, Fla. Value received; with interest at the rate of two per cent. per month after maturity until paid. If not paid at maturity the holder may at his option place in the hands of an attorney for collection, and if collected through an attorney each of us, whether maker, security or endorser on this note, hereby agree to pay all costs of such collection, including attorneys' fees of ten per cent. of the face hereof.

John A. Bishop.

Due July 27-30-91.

No. 432.

> R. R. Snowden,
>
> G. B. Griffin.

Demand, protest and notice of protest waived.

> R. R. Snowden,
>
> G. B. Griffin,
>
> R. J. Camp & Bro."

There was no service upon Bishop. The cause was referred to a referee for trial, who rendered judgment against the other defendants, from which a writ of error

has been sued out. There was summons and severance as to Snowden, and errors are assigned by the other defendants named in the judgment.

I. The first assignment of error is that the referee erred in permitting an amendment to the sheriff's return as to non-service upon the defendant Bishop, and in hearing the cause as to the remaining defendants. Summons was duly issued, and a return was made thereon by the sheriff, as follows: "Came to hand the 3rd day of Feby., 1892, and not executed, as John A. Bishop can not be found in Marion county. Feby. 26th, 1892. E. T. Williams, Shff. Marion Co." Defendant Snowden appeared, but filed no pleas. The other defendants, except Bishop, filed pleas on May 23rd, 1892. and with their consent and that of the plaintiff, expressed in writing, the cause was referred on March 22nd, 1893, to Richard McConathy, a practicing attorney, for trial. The same defendants filed other pleas on May 30, 1893, and on December 23, 1895, filed additional pleas *puis darrien continuance*. On January 25th, 1895, the referee made an order permitting the amendment of the sheriff's return as to Bishop, so that it should read as follows: "Came to hand the 3rd day of February, 1892, and not executed, as John A. Bishop does not reside in Marion county." That is the amendment now complained of by the plaintiffs in error under this assignment of error. Affidavits filed in support of the application proved that the amendment was sought to make the return accord with the fact, and that the return as amended was one which the sheriff ought to have made in the first instance. Doggett v. Jordan, 3 Fla. 215. Its object was to effect a severance as to Bishop, not served with process, and admit of the prosecution of the suit against the other defendants, of whom jurisdiction had

been acquired, in accordance with section 1179 of the Revised Statutes. In view of the circumstances detailed above showing that plaintiffs in error by their pleadings had treated the suit as discontinued so far as Bishop was concerned, without objecting to his absence as a party, it may be questioned whether they are in a position to insist upon the objection now made, but if they are, we do not think it possesses merit. The cause was referred to the referee, and he was thereby invested with full authority to make such amendments as might be necessary to make the record properly exhibit the facts, which was all that the amendment undertook to do.

II. The second, third, ninth and tenth assignments of error may be considered together. The second and ninth relate to the admissibility or effect of testimony, and the third and tenth allege error in finding that the defendants were makers of the note sued on. All of them must fail if, as the referee found, the evidence conclusively showed that the plaintiffs in error were liable *as makers* of the note sued on. They were sued as makers, and by their pleas denied that they made the note. The evidence introduced, both on the part of the plaintiff and of the defendants, showed conclusively that the defendants put their names on the back of the note before its delivery to the payee *for the purpose of lending credit to the instrument with the payee* by their signatures, and under such circumstances it is the settled rule in this State that they are liable as makers, even although it be proved that they wrote their names on the back of the note as sureties for the maker, and without participating in the consideration for which the note was given. Melton v. Brown, 25 Fla. 461. 6 South. Rep. 211; McCallum v. Driggs, 35 Fla. 277, 17 South. Rep. 407. Under the rule adopted, the status of

such irregular endorsers as joint makers is conclusively fixed, when it is made to appear that their signatures are affixed before delivery of the instrument, and for the purpose of lending their credit thereto with the payee, and with no understanding that their liability is not to attach until after the payee endorses the note; and that rule is in accord with that stated in many authorities elsewhere. Good v. Martin, 95 U. S. 90; Bendy v. Townsend, 109 U. S. 665; Way v. Butterworth, 108 Mass. 509; Union Bank v. Willis, 8 Met. 504; 1 Daniel on Neg. Inst. (4th. ed.) Sec. 715. See note to Cadwallader v. Hartsfield, 72 Am. St. Rep. 676. The words "demand, protest and notice of protest waived," preceding the signatures of irregular indorsers within the class mentioned, do not change the rule. Brown v. Butler, 99 Mass. 179; Pearson v. Stoddard, 9 Gray, 199; Bradford v. Prescott, 85 Me. 482; Johnson v. Parker, 86 Mo. App. 660.

III. The fourth assignment of error is that the referee erred in finding that the third and fourth pleas of defendants were not fully sustained by the proofs. The third plea alleged in substance that the note sued on represented the individual indebtedness of Bishop to plaintiff, and defendants indorsed their names on the back thereof simply as an accommodation to Bishop, which fact was well known to plaintiff at the time of execution of the note and before parting with the consideration upon which the same was given; that at and after the maturity of the note and before the commencement of suit plaintiff had on general deposit to Bishop's credit large sums of money sufficient to pay off and discharge said note in full, and wrongfully permitted Bishop to withdraw the same by checks and drafts, without applying the same to the payment of said note, in whole or in part, and without no-

tice of dishonor to the defendants. The fourth plea was similar to the third, except that it averred that at and after the commencement of suit the monies sufficient to discharge the note were on deposit with plaintiff to Bishop's credit, and not applied to the discharge of the note. The evidence showed that at maturity of the note the bank had on deposit to Bishop's credit the sum of $75; that between that date and the date of institution of suit Bishop sometimes had a credit balance and sometimes his account was overdrawn; that the highest cash balance standing to his credit between said dates was $14,836.99 on November 12th, 1891; and that on the date of institution of suit Bishop had a credit balance of fifty-two cents. Neither plea constituted a defence to the suit. A bank becomes the absolute owner of money deposited with it to the general credit of a depositor, in the absence of any special agreement importing a different character into the transaction, and the relationship between the parties is simply that of debtor and creditor. Collins v. State, 33 Fla. 429, 15 South. Rep. 214. The right of a bank to apply a depositor's credit balance to the satisfaction of a debt due the bank is in the nature of a set-off, or application of payments which will not be required by law, in the absence of express agreement or appropriation, so as to benefit a surety. In the case of National Mahaiwe Bank v. Peck, 127 Mass. 298, text 301, it is said: "The general rule accordingly is, that where monies drawn out and monies paid in, or debts and credits are entered by the consent of both parties in the general banking account of a depositor, a balance may be considered as struck at the date of each payment or entry on either side of the account; but where by express agreement, or by a course of dealing between the depositor and the bank-

er, a certain note or bond of the depositor is not included in the general account, any balance due from the banker to the depositor is not to be applied in satisfaction of that note or bond, even for the benefit of a surety thereon, except at the election of the banker." Other authorities are to the same effect. Strong v. Foster, 17 C. B. 201; Voss v. German American Bank, 83 Ill. 599; Bank v. Hill, 76 Ind. 223; Martin v. Merchant's Bank, 6 Har. & J. 235; 2 Brandt on Suretyship, Sec. 432; Morse on Banks and Banking, (3rd. ed.) Sec. 563. In a few States the contrary rule rule is held, but according to some authorities so holding it can not be invoked to discharge an indorser unless at the time of maturity of the obligation the principal debtor had on deposit sufficient funds, not otherwise previously appropriated, to discharge the obligation in full. First Nat. Bank v. Peltz, 176 Pa. St. 513; Morse on Banks & Banking, Sec. 562. Not only were the pleas bad, but they were not sustained by the evidence. It was undisputed that at the time of maturity of the note Bishop had only on deposit to his credit the sum of $75. At the time of institution of suit he had only fifty-two cents to his credit, and it did not appear that his credit balance ever exceeded that sum after the institution of suit. What has been said in discussing this assignment of error disposes of the fifth assignment, which is that the referee erred in not finding that the plaintiff was compelled to apply any general balance on its books to Bishop's credit at maturity of the note to the payment thereof.

IV. The sixth assignment of error is that the referee erred in finding that the fifth plea of the defendants alleging payment was not maintained by the proof. It is sufficient to say as to this assignment that there was evidence to sustain the finding of the referee, and his finding upon

a question of fact, where the evidence was produced before and heard by him, is entitled to the same weight as the verdict of a jury. State *ex rel.* Sanchez v. Call, 36 Fla. 305, 18 South. Rep. 771; Camp v. Hall, 39 Fla. 535, 22 South. Rep. 792. The evidence is not of such a character as to justify an appellate court in setting aside the referee's finding.

V. The seventh assignment of error is that the referee erred in finding that the suit could be prosecuted in the name of the plaintiff, notwithstanding the transfer of the note to the St. Petersburg State Bank pending suit. The referee was warranted in finding that there had been no actual transfer of the note to the St. Petersburg State Bank, although an agreement for its transfer had been entered into between the banks, and the consideration therefor paid by the latter bank. The document signed by the First National Bank of Ocala contained a clause as follows: "We hereby agree to transfer and assign the said note *and any judgment thereon* to the said St. Petersburg State Bank, or order, or assigns, on demand," and it was shown that there had been no such assignment. The legal title to the note still remained in the plaintiff, and it could therefore still maintain the suit in its name. McCallum v. Driggs. *supra*

VI. The eighth assignment of error is that the referee erred in finding that the plaintiff was entitled to interest at two per cent. per-month after maturity of the note, and it appears that the referee did allow interest at that rate. The note was dated April 27th, 1891, due three months after date, and provided that it should bear "interest at the rate of two per cent. per month after maturity until paid." The declaration alleged that defendants "by their promisory note now overdue promised to pay to

the plaintiff or order six hundred dollars ($600) three months after date, but did not pay the same before that, and by the tenor of said note the said defendants and each of them agreed that in case said note was not paid at maturity that the holder could place the said note in the hands of an attorney for collection, and in the event that said note was so collected, to pay an attorney fee of 10 per cent. of the face of said note." As originally framed it claimed $1,000 damages, but by an amendment made the *ad damnum* clause was increased so as to claim $2,500 damages. The declaration nowhere alleges that the note bore interest, either before or after maturity, and the note is not made by reference, or otherwise, a part of the declaration; nor is there any reference in the declaration to a claim for interest as damages. No suggestion is made that there was a variance between the cause of action declared upon, and the note introduced in evidence. It is contended, however, that plaintiff was not entitled under the allegations of its declaration to a judgment for interest at the rate of two per cent. per month. after maturity as damages, while it is conceded that it might properly have been permitted to recover damages at the statutory rate of eight per cent. as an incident to its recovery, and this contention, we think, is well taken. A declaration ought to place the defendants upon notice of the claims they will be required to meet, and under the rule prevailing in this State a plaintiff is confined strictly to a recovery upon the cause of action declared on. Hinote v. Brigman, decided at present term; Bucki v. Seitz, 39 Fla. 55. Where interest at the legal rate is allowed as an incident to the recovery it is not necessary that there should be an express claim for interest in the declaration, provided the *ad damnum* clause is sufficient

to cover it, but where, as in this case, interest beyond the statutory rate is sought to be included in the recovery as damages, by reason of the special contract between the parties to pay such interest, the declaration ought to apprise the defendants of the claim therefor, in order to warrant its recovery. Titus v. Larsen, 18 Wash. 145; Ashby v. Shaw, 82 Mo. 76; David v. Conrad, 1 Greene (Iowa), 336; 11 Ency. Pl. & Prac. 436.

VII. The eleventh assignment of error is that the referee erred in sustaining plaintiff's demurrer to the third plea *puis darrein continuance*. The effect of the plea was to allege that since the institution of suit the bank was placed in the hands of a receiver in accordance with the federal statutes, and so continued; that at the time of the appointment of the said receiver the note sued on was not an asset of the bank, and the suit was being prosecuted without the direction or authority of the comptroller of the currency of the United States, or the receiver. It will be observed that the plea merely denied that the note was an asset of the bank. It did not deny that the suit was rightfully brought by the bank in the first instance, or that it still retained the legal title, and it followed from the allegations of the plea that if the note was not an asset of the bank the comptroller or receiver were not concerned with it. The legal existence of a National Bank is not cut short by its insolvency and the appointment of a receiver therefor, but it still continues as an entity capable of suing and being sued, notwithstanding such appointment. Chemical National Bank v. Hartford Deposit Company, 161 U. S. 1. The plea, by its failure to deny, admitted that the bank rightfully brought the suit, whether for its own benefit or that of another, and the allegation that the suit was not pros-

ecuted after appointment of a received by his authority, or that of the comptroller of the currency, was excused by the allegation that the note was not an asset of the bank at the time of the receiver's appointment. One person may be under a duty to continue the prosecution of a pending suit for the benefit of another, although pending suit his beneficial interest in the subject-matter may have ceased to such an extent that the subject-matter would not be deemed an asset belonging to him.

VIII. The twelfth assignment of error, alleging error in denying defendant's motion for new trial, is not argued except in connection with the specific assignments already considered, and need not be further discussed.

IX. The last assignment of error complains that the referee erred in entertaining jurisdiction of the cause, and in entering a joint judgment against plaintiffs in error and R. R. Snwoden, the contention being that no default was entered against Snowden until after the order of reference, and that the order of reference was made without his consent. It is not necessary to consider this assignment, as the judgment is reversed on another ground and the referee will have no further jurisdiction of the case unless the cause should be again referred to him by consent of the parties. Rev. Stats. Sec. 1234; State *ex rel.* Sanchez v. Call, 36 Fla. 305, 18 South Rep. 771.

For the error found the judgment will be reversed and a new trial granted. It is so ordered.