H. G. HOPKINS, F. H. ELMORE and S. G. SEARING, *Plaintiffs in Error*, v. COMMERCIAL BANK, A CORPORATION, *Defendant in Error.*

Where a party who is the payee of a negotiable promissory note, places his name on the back of the note under the words "we, as endorsers, waive demand, notice and protest, and guarantee payment of this note, and acknowledge that we sign with full understanding of this contract," such person is an endorser, since by the endorsement he does not "clearly indicate by appropriate words his intention to be bound in some other capacity," as contemplated by the statute; and parol evidence is not admissible to show the status of such endorser to be that of a maker, so as to compel an action

against him jointly with the three persons who signed the note as the makers thereof.

Appealed from the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*Bisbee & Bedell,* for Plaintiffs in Error;

*Cockrell & Cockrell* and *Geo. Couper Gibbs,* for Defendant in Error:

WHITFIELD, C. J.—The bank brought an action of assumpsit against H. G. Hopkins, F. H. Elmore, and S. G. Searing as makers of the follownig note:

"$800.00.              Jacksonville, Fla., May 30th, 1911.

Thirty days after date we promise to pay to the order of S. S. Goffin eight hundred and no/100 dollars, at the Commercial Bank, for value received, with interest at the rate of eight per cent. per annum after maturity until paid. Together with an attorney's fee of ten per cent. if given after maturity to an attorney for collection.

H. G. HOPKINS,

F. H. ELMORE,

S. G. SEARING."

2423

Due June 29th, 1911.

Endorsed "we, as endorsers, waive demand, notice and protest, and guarantee payment of this note, and acknowledge that we sign with full understanding of this contract.

S. S. GOFFIN."

The defendants pleaded "that the promise whereon the plaintiff sues was made by the defendants jointly with S. S. Goffin, who is still living, and who at the commencement of this suit was and still is a resident within the jurisdiction of this court, and not by the defendants. alone." Issue was joined on this plea; and verdict and judgment were rendered for the plaintiff.

At the trial the plaintiff introduced the note and also evidence as to the attorney's fee and rested. Thereupon the defendants proffered testimony that the note was in reality made for Goffin's accommodation; that he was a party to it from the beginning; that he paid the discount; and that these facts were all known to the Commercial Bank before it passed into the hands of the bank; that there never was a valid and unconditional delivery to S. S. Goffin; that the only delivery of the note was made to the Commercial Bank after Goffin's signature had been attached.

The court excluded such testimony upon the theory that oral testimony could not change the liability of the parties on the note. A verdict for the plaintiff was directed and judgment having been rendered thereon, the defendants took writ of error.

Whether parties should be joined as defendants in an action on a negotiable promissory note may depend upon status or relation as well as upon liability. The status of an endorser or of a guarantor of a negotiable promissory note is quite different from that of a maker of the note, even though the liability of endorser or guarantor may because of waivers be equal to that of the maker. An endorser and the makers of a negotiable promissory note should not be joined as defendants in an action on the note. Se Hough v. State Bank of New Smyrna, 61

Fla.. 290, 55 South. Rep. 462; Webster v. Barnett, 17 Fla. 272.

Section 2996 of the General Statutes provides that "a person placing his signature upon an instrument otherwise than as maker, drawer or acceptor, is deemed to be an endorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity." In this case S. S. Goffin, the payee of the note placed his signature upon the back of the note under words that "as endorser" he "waived demand, notice and protest," and did "guarantee payment of this note." This endorsement does not indicate an intention to be regarded as a maker of the note, for Goffin was the payee. The endorsement indicates merely (1) a purpose to waive the technical rights of Goffin as an endorser under the law to have due demand, notice and protest if the note is not paid by those primarily liable thereon as makers, and (2) an express recognition of his liability as fixed by law. The law fixes the status of S. S. Goffin as that of an endorser since he placed his signature upon the instrument otherwise than as maker, drawer or acceptor, and did not clearly indicate by appropriate words his intention to be bound in some other capacity.

The words upon the back of the note preceding the endorsement by S. S. Goffin the payee, waiving demand, notice and protest, and guaranteeing the payment of the note, may affect Goffin's liability, but they do not affect his status as a party other than a maker. There is no such anomaly in the endorsement as will authorize the use of parol testimony to fix upon the endorser the status of a maker of the note; for he is by the plain terms of the note its payee, and his endorsement distinctly states that he puts his name on the back of the note as an endorser and that he expressly waives rights that are

peculiar to an endorser. The use of the other words in the endorsement do not constitute the payee of the note a maker of it. These plain terms of the written instrument cannot be varied by parol merely for the purpose of showing that the payee named in the note was in fact a maker and not the payee, no fraud, overreaching or other facts appearing, that would authorize the introduction of parol testimony. Goffin being the named payee and having endorsed the note, not as a maker, but as an endorser, the makers of the note cannot claim for him the status of a maker even if his liability is equal to that of a maker.

As Goffin was the payee of the note, it is not necessary to discuss the doctrine announced in the case of Melton v. Brown, 25 Fla. 461, 6 South. Rep. 211, and other like cases.

The defendants being themselves the makers of the note, cannot be permitted to show by parol that the payee and endorser of the note was in fact a joint maker with them, since that would permit the written instrument framed by the parties and the legal effect thereof to be varied by parol testimony, when no ground for the use of such testimony appears.

There is no such ambiguity in the endorsement as to warrant a construction that will give to the payee endorser the status of a joint maker; and verbal evidence is inadmissible for that purpose on the mere claim of the makers that such was the intention. The claim is in conflict with the language used by the parties and with the legal effect of the note. There is nothing in the terms of the note or in the endorsements thereon to authorize the use of parol evidence in a court of law to vary the status of the parties, and the legal effect of the terms used.

On the plea in issue, the terms and legal effect of the unambiguous written instrument must control. Even if the liability of the payee endorser is, because of the waiver contained in the endorsement, similar or equal to that of a maker, that does not give to the payee endorser the status of a joint maker of the note so as to compel an action against the payee endorser jointly with the makers.

The note being signed by the makers and endorsed by the payee named therein, the makers should not be permitted to show by parol that the note was never delivered to the payee who has endorsed it, where no fraud or other sufficient circumstance is shown to authorize the use of parol testimony under the law. Whatever may have been the prior or contemporaneous circumstances of the transaction, the language of the written instrument fixes the rights of the parties under it in this action, there being no ambiguity in the note and not fraud or over-reaching shown.

The judgment is affirmed.

SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.

TAYLOR, J., absent on account of illness, concurred in the opinion as prepared.