ST. LUCIE ESTATES, INC., a corporation, and CARROLL DUNSCOMBE, *Plaintiffs in Error*, vs. O. NOBLES, as Receiver of the Stuart Bank & Trust Company, a corporation, *Defendant in Error*.

143 So. 443.

Division A.

Opinion filed August 24, 1932.

Petition for rehearing denied October 3, 1932.

T. T. *Oughterson* and *D. C. Smith*, for Plaintiffs in Error;

*Smith & Kanner*, for Defendant in Error.

BUFORD, C. J.—Nobles as Receiver of Stuart Bank & Trust Company sued St. Lucie Estates, Inc., a corporation, and Carroll Dunscombe. The declaration was on a collateral form promissory note for the principal sum of $10,-990.00. The note appeared to be executed by St. Lucie Estates, Inc., Carroll Dunscombe, President, Amy Burkett, Assistant Treasurer, and was endorsed on the back ''Carroll Dunscombe.''

There were four sets of pleas filed. Defendant Dunscombe's third amended plea filed on August 4th, 1930, alleged that he did not endorse the note before delivery. The plea contained other allegations. There was a demurrer to the plea and the demurrer was sustained.

Thereupon, a second amended third plea was filed in which the defendant alleged that he did not endorse said note until after delivery of same and that, therefore, he should not be sued in this action. A demurrer was filed and sustained to this plea and, thereafter, the defendant filed a third amended third plea, which plea was demurred to.

One of the grounds of demurrer was that the plea was duplicitous. The only matter alleged in the plea which constituted a defense to the suit was that the defendant signed the note as an endorser after delivery of the note. The remainder of the plea may be treated as surplusage

as it contained no allegations which would constitute a defense to the action, but it was good as a plea of misjoinder and, therefore, the demurrer to the plea should have been overruled.

The first and second amended third pleas constituted good pleas in abatement as to the defendant Dunscombe.

Prior to the enactment of chapter 6486, Acts of 1913, a joint action against the maker and endorser of a promissory note could not be maintained in this State. See Huff et al. vs. State Bank of New Smyrna, 61 Fla. 290, 55 Sou. 462. Chapter 6486, supra, amongst other things, provided:

"The maker or makers of promissory notes or other negotiable instruments, and all other persons who at or before the execution and delivery thereof, endorsed, guaranteed or became surety for the payment thereof, or otherwise secondarily liable for the payment of the same, may be sued in one and the same action."

This section was brought forward as section 4733 R. G. S., 6819 C. G. L.

The question of the right of the plaintiff to join the two defendants in this action could not have been raised by demurrer to declaration because the declaration shows on its face that the action was sought to be maintained against the maker of the note, together with the endorser thereof before delivery and, therefore, the declaration stated a case in which the statute permits joinder of the parties. The question of misjoinder may be presented by plea in abatement and to sustain the demurrer to the plea presenting this question constituted error.

For the reasons stated, the judgment must be reversed and it is so ordered.

Reversed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.